## Livingston v. Fields et al.

December 16, 1949.

G. E. Reams for appellant.

Astor Hogg for appellees.

JUDGE LATIMER—Reversing.

An appeal from a judgment in the sum of $800 in favor of appellees. Two propositions are presented for our consideration. One goes to the question of peremptory instruction, the other to the instructions as given.

Appellant insists he was entitled to a peremptory instruction because of failure on the part of appellees to establish agency. We are not concerned here with the sufficiency of the evidence relative to the accident out of which the damages arose, since the evidence concerning that was contradictory and was a matter properly submitted to the jury.

The record discloses that appellant, Bill Livingston, and John O'Roark were partners in the operation of both the Clover Lick Coal Sales Company and the O'Roark Coal Company. Doc Livingston, a brother of appellant, Bill Livingston, was employed by the O'Roark Coal Company and worked at night as a machineman. Appellant claims that the truck, which belonged to the Clover Lick Coal Sales Company, was merely loaned to Doc Livingston for the purpose of driving to and from the O'Roark Coal Company mine; that at the time of the collision the O'Roark Coal Company was shut down because of strike; that Doc Livingston only had authority to use this truck to go to and from his night·work; and that neither Bill Livingston nor John O'Roark knew that Doc Livingston was using the truck on the day of the accident.

It appears that Doc Livingston, accompanied by Jim Highfield, was driving the truck loaded with wood

and kindling; that the wood and kindling belonged to Doc Livingston and Jim Highfield; and that appellant, or the partnership companies above mentioned, had no interest whatsoever in the trip being made by Doc Livingston or in the kindling wood he was hauling.

Appellees, as plaintiffs below, showed that the truck belonged to appellant and his partner, or the Clover Lick Sales Coal Company. Having shown that, it is insisted a prima facie case of agency was established.

Doc Livingston was introduced as a witness for appellees. He testified that neither the appellant nor John O'Roark had any interest in the trip he made or in the kindling wood he was hauling. To bolster their position appellees undertook to show admission on the part of appellant in a conversation with Judge Ira Fields that the collision was the truck driver's fault and that he would fix appellees' truck. This is the nearest approach to the establishment of agency.

True, the presumption may arise that Doc Livingston was acting as the agent for appellant, since the ownership of the truck was shown to be in appellant and his partner, but, as said in Rawlings v. Clay Motor Company, 287 Ky. 604, 154 S. W. 2d 711, 712: "It is well settled in this jurisdiction that proof that a person guilty of negligence is in the employ of the defendant, and, at the time of the accident, is driving his employer's truck raises the presumption that the employee at the time of the accident was engaged in the employer's business; and such presumption places upon the employer the burden of disproving the agency. Louisville Lozier Co. v. Sallee, 167 Ky. 499, 180 S. W. 841; Ashland Coca Cola Bottling Co. v. Ellison et al., 252 Ky. 172, 66 S. W. 2d 52; Dennes v. Jefferson Meat Market, 228 Ky. 164, 14 S. W. 2d 408. But, such presumption is overcome when it is met by uncontradicted and unimpeached evidence which disproves the presumption and which evidence is in harmony with the facts upon which the presumption is based. Home Laundry Co. v. Cook, 277 Ky. 8, 125 S. W. 2d 763."

Here the testimony uncontradictedly shows that this truck was loaned to Doc Livingston to drive to and from his work. There is no need to discuss here whether this going home and back to work in this loaned truck was

for the benefit of the Company, or whether it was for the personal benefit of Doc Livingston. Certainly, we cannot conclude from this record that the truck was loaned to Doc Livingston for the purpose of hauling kindling wood. The court, under this evidence, should have given a peremptory instruction.

The next question goes to the matter of instructions. The pertinent parts of the objectionable instructions are:

"If you believe from the evidence that the truck which has been referred to in evidence was under control of defendant, and had been loaned by defendant, or any partnership of which he was a member, to Doc Livingston, to use in his own affairs, then it was the duty of Doc Livingston, at the time and place mentioned in evidence to operate said truck on the highway in a careful and prudent manner, * * *.

"If you believe from the evidence that at the time and place mentioned in the evidence, the driver so operated defendant's truck as to neglect either of the duties defined in Instruction No. 1 and brought about the collision complained about, the law is for plaintiff and you will find for plaintiff."

Clearly, this was the equivalent of an instruction that the driver of the truck was the agent of appellant and that even though appellant had loaned his truck to Doc Livingston, even for his own personal use, then, if the driver of the truck, through his negligence, caused the accident, the jury should find against the appellant. Obviously, this is an erroneous instruction.

The judgment is reversed for proceedings consistent herewith.