**Fred Matthew SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee. (Two Cases).**

Supreme Court of Kentucky.

March 20, 1986.

Udell B. Levy, J. David Niehaus, Daniel T. Goyette, Louisville, for appellant.

David Armstrong, Atty. Gen., C. Lloyd Vest, II, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

The appellant was convicted of two counts of possession of a controlled substance and sentenced to imprisonment for seven (7) years and a fine of $5,000.00 on each count. On conviction as a persistent felony offender his punishment was enhanced to twenty (20) years on each count. He appeals as a matter of right.

After the conviction, the trial court entered an order of forfeiture of cash found on appellant's person in an amount in excess of $2,000.00. He appealed this order of forfeiture to the Court of Appeals, and we granted transfer to this court. We have consolidated the appeals for disposition in this opinion.

We affirm the judgments of conviction, and we reverse the order of forfeiture.

 Appellant contends that he was convicted of possessing a controlled substance, second offense, which in itself resulted in an enhanced punishment and that further enhancement under the persistent felony offender statute was not permissible. Citing *Boulder v. Commonwealth*, Ky., 610 S.W.2d 615 (1980).

The holding in *Boulder* was limited by *Eary v. Commonwealth*, Ky., 659 S.W.2d 198 (1983), and this issue raised by appellant was disposed of adversely to his contention in *Commonwealth v. Grimes*, Ky., 698 S.W.2d 836 (1985).

Appellant further contends that his trial on the charge of trafficking in a controlled substance, second offense, should have been bifurcated into separate trials on the guilt phase and the penalty phase. There is, however, no legislative requirement for bifurcation, nor is there a constitutional requirement.

*Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), held that bifurcated jury trials for habitual criminals are not constitutionally mandated.

We have held that bifurcated jury trials are not required where the offense charged is operating a motor vehicle while under the influence of alcohol, second offense. *Carver v. Commonwealth*, Ky., 634 S.W.2d 418 (1982).

The question of whether bifurcated jury trials are required in cases such as this is a matter of public policy which addresses itself to the General Assembly of Kentucky.

Appellant's contention that the prosecutor's closing argument denied him a fair trial is without merit.

We agree with appellant, however, that the order of forfeiture of the cash found on his person was erroneous.

K.R.S. 218A.270(1)(f), in effect at the time of the commission of the offense, authorized forfeiture of money acquired from transactions involving controlled substances. K.R.S. 218A.410(j), in effect at the time of trial, authorized forfeiture of all money used or intended to be used, to facilitate the violation of the provisions of the chapter. It also contained a statutory rebuttable presumption that money found in close proximity to a forfeitable controlled substance is presumed to be forfeitable. The presumption is that money so found is presumed to have been intended for use in violation of the chapter.

It is unnecessary for us to decide whether the new or the old statute is applicable because both statutes limit forfeiture to *transactions* or *exchanges* concerning controlled substances. The appellant was charged with trafficking which would, of course, necessarily include a transaction or an exchange. He was found by the jury to be innocent of trafficking, and guilty only of possession.

If he had been convicted of trafficking in a controlled substance, K.R.S. 218A.410(j) would have created a rebuttable presumption that money found on his person was forfeitable. The acquittal on the charge of trafficking is ample rebuttal of the presumption that the money was used or intended to be used in exchange for a controlled substance. There was no testimony that the money found on appellant's possession had been received by him in exchange for a controlled substance. The only direct testimony on this point was that he won the money gambling.

The appellant's conviction on each count of possession of a controlled substance is affirmed. The order of forfeiture of money found on his person is reversed.

All concur.