Arlene OSBORNE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 91–SC–834–DG.

Supreme Court of Kentucky.

Oct. 22, 1992.

Gregory D. Stumbo, Thomas W. Moak, Stumbo, Bowling & Barber, P.S.C., Martin, for appellant.

Chris Gorman, Atty. Gen., Ann Louise Cheuvront, Laura Early, Asst. Attys. Gen., Crim. Appellate Div., Frankfort, for appellee.

LAMBERT, Justice.

This Court granted appellant's motion for discretionary review of the Court of Appeals opinion affirming the trial court's order forfeiting currency and a motor vehicle pursuant to KRS 218A.410. Appellant does not challenge the forfeiture on grounds that allocation of burden of proof or any aspect of the statute is constitutionally infirm. Therefore, our inquiry will be limited to a proper construction of the statute and its application to the facts presented in the trial court.

In the course of a drug raid upon a trailer home inhabited by Donald Kimberly and Arlene Osborne, parties formerly married and cohabiting, the police seized about two pounds of marijuana packaged in quarter-pound bags, a sum in excess of $6,000 in cash, one marijuana plant, and a sophisticated set of scales of the type used in the drug trade. Within a short time prior to the raid and seizure, Kimberly had sold a quarter-pound of marijuana to Douglas Combs for the sum of $350 cash. The scales and marijuana plant were found in a 1978 Chevrolet Blazer motor vehicle and the currency and packaged marijuana were found inside the trailer. Both Kimberly and appellant Osborne were charged with trafficking in marijuana, but charges against appellant were dismissed. Kimberly was convicted.

Despite the dismissal against appellant and registration of the Blazer automobile in her name and seizure of a substantial portion of the currency from her purse,

forfeiture pursuant to KRS 218A.410 was sought. Appellant was recognized as the party-in-interest for the purpose of litigating the forfeiture.

The trial court heard evidence that the motor vehicle was registered to Arlene Osborne and that Kimberly had been seen driving it within one month of the time of the raid. As to the currency, there was conflicting evidence as to its location within the trailer, but there is no doubt that a substantial portion was found in appellant's purse and that other currency was found throughout the trailer. At the forfeiture hearing, appellant denied any knowledge that the motor vehicle had ever been used in the drug trade and identified the source of most of the currency as a loan from Gene Aytes, Donald Kimberly's uncle, and the source of the remainder of the currency as loans from Kimberly's father and her mother. This testimony was corroborated by the parties who purported to have furnished the money.

█ At the outset, it should be observed that nothing in the forfeiture statute requires criminal conviction of the person whose property is sought to be forfeited. It is sufficient under KRS 218A.410(h) and (j) to show a nexus between the property sought to be forfeited and its use to facilitate violation of the Controlled Substances Act, KRS 218A. *Smith v. Commonwealth*, Ky., 707 S.W.2d 342 (1986). Thus, appellant can take little comfort here in the fact of the dismissal of charges against her. The inquiry is whether the evidence and law, including statutory presumptions, permit a finding that the subject property was used to facilitate violation of the Act. As this case concerns two types of personal property, the forfeiture of which is governed by separate provisions in the statute, it is appropriate to address each separately.

## I. FORFEITURE OF THE MOTOR VEHICLE

█ KRS 218A.410(h) provides for forfeiture of

"all conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in (e) or (f) of this subsection, but: ...

(2) No conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent."

As it applies to the facts presented here, the foregoing statute subjects the motor vehicle to forfeiture on proof that it was used to facilitate the transportation for the purpose of sale or receipt of controlled substances unless the owner, appellant herein, is able to establish that such use, if any, was without her knowledge or consent. Evidence was presented and the trial court found that a marijuana plant was found in the vehicle along with a set of sophisticated scales of the type often used to weigh drugs. The vehicle itself, although not in running order, was located in close proximity to appellant's dwelling and testimony was given that Kimberly had been seen driving the vehicle within one month of the time of the seizure. From these facts, the trial court concluded that the motor vehicle should be forfeited. The Court of Appeals affirmed and on this issue, we likewise affirm.

## II. FORFEITURE OF THE CURRENCY

█ A more difficult question is encountered with respect to forfeiture of the currency. The controlling statute is KRS 418A.410(j) which permits forfeiture of

"Everything of value furnished ... in exchange for a controlled substance in violation of this chapter, all proceeds ... traceable to the exchange, and all moneys ... used, or intended to be used to facilitate any violation of this chapter."

Subsection (j) further provides that

"It shall be a rebuttable presumption that all moneys, coin, and currency found in close proximity to controlled substances, to drug manufacturing or distributing paraphernalia, or to records of the importation, manufacture, or distribution of controlled substances, are presumed to be forfeitable under this para-

graph. The burden of proof shall be upon claimants of personal property to rebut this presumption by clear and convincing evidence."

On examination of the foregoing statute, it is apparent that any property subject to forfeiture under (j) must be traceable to the exchange or intended violation. This requirement exists without regard to the presumption which appears later in the statute. Without such a requirement, the statute would mandate forfeiture of property which was without any relationship to the criminal act and would be of dubious constitutional validity under Sections 2, 11, 13, 26 and possibly other sections of the Constitution of Kentucky. With such a requirement, however, the General Assembly is entitled to great latitude to create presumptions.

Recognizing the difficulty of proof with respect to showing a connection between currency and drug transactions, the General Assembly created a presumption whereby currency found in close proximity to controlled substances was presumed to be forfeitable subject to the right of the owner to rebut the presumption. While the presumption would, at first blush, appear to dispense with the requirement of traceability, we believe the two must be construed harmoniously so as to give effect to the intention of the General Assembly.

█ The Commonwealth may meet its initial burden by producing slight evidence of traceability. Production of such evidence plus proof of close proximity, the weight of which is enhanced by virtue of the presumption, is sufficient to sustain the forfeiture in the absence of clear and convincing evidence to the contrary. In practical application, the Commonwealth must first produce some evidence that the currency or some portion of it had been used or was intended to be used in a drug transaction. Additional proof by the Commonwealth that the currency sought to be forfeited was found in close proximity is sufficient to make a *prima facie* case. Thereafter, the burden is on the claimant to convince the trier of fact that the currency was not being used in the drug trade. Our view in this regard is consistent with *Smith v. Commonwealth, supra,* wherein the Court held that despite possession of $2,000 cash, the defendant's acquittal of the trafficking charge and failure of the Commonwealth to prove a connection between the currency and the drug transaction was sufficient to require denial of forfeiture. The difference between *Smith* and this case is that in the former, the trafficking charge was the only link between the money and the drug transaction and on acquittal, the link was broken. Here, the money was found in close proximity, indeed in the dwelling, of Donald Kimberly, one who was convicted of trafficking.

While the Court of Appeals affirmed the trial court's order sustaining forfeiture of all but a small portion of the currency, we are unable to concur. In its order, the trial court failed to make findings with respect to traceability and failed to determine whether appellant's evidence as to the source of the currency was credible. As such, it is necessary to remand this cause to the Circuit Court for the taking of additional evidence and additional findings of fact. On conclusion of the foregoing, the court should apply the law as set forth herein and render its judgment with respect to forfeiture.

The opinion of the Court of Appeals is affirmed in part, reversed in part, and this cause is remanded to the Floyd Circuit Court for further proceedings consistent herewith.

As to part I., Forfeiture of the Vehicle, STEPHENS, C.J., and COMBS, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion.

As to part II., Forfeiture of the Currency, REYNOLDS, J., concurs.

COMBS and LEIBSON, JJ., concur in result only.

STEPHENS, C.J., concurs in part and dissents in part by separate opinion.

WINTERSHEIMER, J., dissents by separate opinion in which SPAIN, J., joins.

STEPHENS, Chief Justice, concurring in part/dissenting in part.

Respectfully, I dissent.

I concur in the forfeiture of the motor vehicle. I also concur with the majority in reversing the Court of Appeals in regards to the currency. However, I do not agree with the decision to remand on the issue of currency. Under the evidence of this case remanding is unnecessary. From the evidence presented to this Court, it is clear that it was established that the currency was not subject to forfeiture. The Commonwealth should not be given a second bite at the apple.

LEIBSON, Justice, concurring in part/dissenting in part.

I concur in the Majority Opinion as to the result in Part II to reverse and remand on forfeiture of the currency.

Respectfully, I dissent as to Part I affirming the order of forfeiture as to the motor vehicle. I dissent as to both Parts I and II in the reasoning of the Majority Opinion addressing the effect of the presumptions stated in the forfeiture statute.

Consistent with the Kentucky Constitution, the General Assembly has the power to create *law*, but not to create *facts*. Here the forfeiture provisions of KRS 218A.410(j) and (h), under the pretext of presumptions, substitute law for facts.

First, we address subparagraph (j). The General Assembly mandates that "currency found in close proximity to controlled substances, ... are presumed to be forfeitable." Such a presumption would not be offensive when judicially construed, as the Majority does, to mean "that any property subject to forfeiture under (j) must be *traceable* to the exchange or intended violation," if the law stopped here.

But the statute then makes the presumption a conclusive *fact* rather than a mere rational presumption by posing an insurmountable, and therefore constitutionally impermissible, burden on the victim of the forfeiture, stating:

> "The burden of proof shall be upon claimants of personal property to rebut this presumption by clear and convincing evidence."

Thus the victim of the forfeiture is required to prove a negative, not only to the satisfaction of the trier of fact, but "by clear and convincing evidence." Whether the property is traceable to the drug transaction may well be inferable from the totality of the circumstances, but the General Assembly has no power to make the mere fact of proximity, standing alone, conclusive proof that the money is drug-related unless the victim of the forfeiture can persuade the trier of fact to the contrary by "clear and convincing evidence."

In sum, the statute can create a *prima facie* case, but the burden of persuasion remains with the Commonwealth. We should adopt a *substantial connection* test, meaning that if the Commonwealth fails to prove to the satisfaction of the trier of fact that there is a *substantial connection* between the property seized and a drug offense, forfeiture is not permissible. A decent respect for the constitutional rights of persons suspected of complicity in drug violations, and punished by forfeiture, requires no less.

Next, subparagraph (2) of KRS 218A.410(h) is only slightly less offensive. This subsection provides that vehicles "used, or intended for use, to transport, or in any manner to facilitate the transportation" of illegal drugs shall be subject to seizure and forfeiture, and then in subsection (2) states:

> "No conveyance is subject to forfeiture under this section by reason of any act or omission *established by the owner thereof* to have been committed or omitted without his knowledge or consent." [Emphasis added.]

Once again, the statute substitutes law for facts. Certainly, the trier of fact may infer the owner's knowledge of the use of his vehicle from the manner in which it is used, and is free to disbelieve the owner's

protestations to the contrary. In the present case there was ample evidence from which to believe the owner knew her vehicle was being used in the drug traffic, even though she denied it. But, once again, the law goes too far when it shifts the burden of proof to the owner to establish a lack of knowledge, to prove a negative. The burden must remain upon the Commonwealth, as the party seeking the forfeiture and thus bearing the burden of proof, to establish to the satisfaction of the trier of fact the owner's knowledge that the vehicle was being used for an unlawful purpose. Obviously, direct evidence, or a confession, is not required, and such knowledge may be inferred from the circumstances, when such circumstances give rise to a reasonable inference.

A statutory presumption is an evidentiary device which is constitutionally permissible "which allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant." *County Court of Ulster County v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777, 792 (1979). The forfeiture statute at issue fails this basic, two-pronged test.

A statutory presumption must be grounded in fact like the blood alcohol level presumption, KRS 189.520, before it is an appropriate exercise of legislative authority. Fact-finding in a court of law is part of the judicial process, not of the legislative process, under the separation of powers doctrine. Ky. Const., Sec. 27, 28.

I would reverse and remand on all issues, with directions to the trial court to reconsider the forfeiture questions free from any ultimate facts established by statutory presumptions rather than by reasonable inferences from the evidence.

COMBS, J., concurs in the reasoning stated in this Opinion and so much of this Opinion as would reverse and remand on the issue regarding forfeiture of currency.

WINTERSHEIMER, Justice, concurring in part and dissenting in part.

I concur with the majority opinion which affirms the forfeiture of the vehicle but dissent because I do not believe it is necessary to remand any part of this case for further proceedings.

K.R.S. 218A.410(j) controls the situation relative to the forfeiture of the currency. The question of whether the prosecution met its burden in regard to the statute is within the sound discretion of the trial judge. It was essentially a question of fact and I do not believe the trial judge was clearly erroneous or abused his discretion in his determination. The trial judge was not required to accept the statements of Osborne about the cash being a loan for a downpayment on a house. There was sufficient other evidence for the trial judge to disbelieve this story. I do not believe it is appropriate for this Court to set aside the findings of the trial judge under the circumstance presented here.

The language of the statute is clear and it does not require further judicial interpretation, only application to the appropriate fact situation.

$6,507 in cash was found in the trailer after the packages of marijuana were discovered. Approximately $4,000 to $5,000 came from Osborne's purse. Some of the money was in wads of $100 packages and some was simply wadded up. The $100 packets were of fives, tens and twenties. There was testimony by purchaser-witness Combs that he had just paid $325 at least in cash for some marijuana from Osborne's former husband. The fact that there was approximately $325 in cash given to the defendant for the purchase of marijuana and that there were two pounds of marijuana packaged in quarter-pound bags found in the house, as well as the small denominations of bills found in Osborne's purse, was sufficient probable cause for a forfeiture of the money. *United States v. Three Hundred Nineteen Thousand Eight Hundred and Twenty Dollars in U.S. Currency,* 620 F.Supp. 1474 (N.D.Ga.1985); *United States v. Forty-one Thousand Three Hundred and Five Dollars in U.S. Currency and Travelers Checks,* 802 F.2d 1339 (11th Cir.1986). It was Osborne's burden to rebut the presumption that there was a con-

nection between the seized currency and other property and the criminal activity. The evidence she presented failed to prove by clear and convincing evidence that there was no connection between the money and the controlled substances.

The testimony was that the alleged $5,000 borrowed from Aytes was paid to them in One Hundred Dollar bills, but the $5,000 found in the trailer, in her purse, was mainly small bills. The presumption of the statute is not overcome by evidence of a questionable nature which does not leave the mind impressed to any high degree with its truth. *See Drake v. Drake,* Ky.App., 721 S.W.2d 728 (1986); *Livingston v. Fields,* 311 Ky. 714, 225 S.W.2d 317 (1949); *United States v. One 1986 Mercedes Benz,* 660 F.Supp. 410 (S.D.N.Y. 1987).

Under the circumstances of this case, I do not believe remand is necessary. I would affirm the forfeitures in all respects.

SPAIN, J., joins in this opinion.