**Rory Kent HILL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2008–CA–001752–MR.

Court of Appeals of Kentucky.

Feb. 12, 2010.

Ordered Published March 26, 2010.

Rory Kent Hill, Central City, KY, pro se.

Jack Conway, Attorney General of Kentucky, Jeffrey A. Cross, Assistant Attorney General, Frankfort, KY, for Appellee.

Before COMBS, Chief Judge; CLAYTON and STUMBO, Judges.

## OPINION

STUMBO, Judge.

Rory Hill, *pro se,* appeals from an order of the Hardin Circuit Court directing that currency forfeited to the Commonwealth not be returned to him. Mr. Hill argues that the currency was not connected to any criminal activity for which he was convicted and should be returned to him. The Commonwealth argues that they made a *prima facie* case for the forfeiture and that the trial court correctly ruled the money

was not to be returned. We affirm the order.

Appellant was convicted of first-degree assault, two counts of second-degree wanton endangerment, first-degree trafficking in a controlled substance while in possession of a firearm (second offense), possession of a handgun by a convicted felon, and being a second-degree persistent felony offender. He was sentenced to a total of thirty-years' imprisonment. This conviction was affirmed by the Kentucky Supreme Court.

At the time Appellant was arrested, police officers found cocaine and $2,175 on his person. Pursuant to Kentucky Revised Statute (KRS) 218A.410(1)(j), the money was forfeited to the Commonwealth. KRS 218A.410(1)(j) states anything of value, including money, is subject to forfeiture when it is traceable to a drug exchange. Further,

> [i]t shall be a rebuttable presumption that all moneys, coin, and currency found in close proximity to controlled substances, to drug manufacturing or distributing paraphernalia, or to records of the importation, manufacture, or distribution of controlled substances, are presumed to be forfeitable under this paragraph. The burden of proof shall be upon claimants of personal property to rebut this presumption by clear and convincing evidence. The burden of proof shall be upon the law enforcement agency to prove by clear and convincing evidence that real property is forfeitable under this paragraph.

KRS 218A.410(1)(j).

> On examination of the foregoing statute, it is apparent that any property subject to forfeiture under (j) must be traceable to the exchange or intended violation. This requirement exists without regard to the presumption which appears later in the statute....

Recognizing the difficulty of proof with respect to showing a connection between currency and drug transactions, the General Assembly created a presumption whereby currency found in close proximity to controlled substances was presumed to be forfeitable subject to the right of the owner to rebut the presumption. While the presumption would, at first blush, appear to dispense with the requirement of traceability, we believe the two must be construed harmoniously so as to give effect to the intention of the General Assembly.

The Commonwealth may meet its initial burden by producing slight evidence of traceability. Production of such evidence plus proof of close proximity, the weight of which is enhanced by virtue of the presumption, is sufficient to sustain the forfeiture in the absence of clear and convincing evidence to the contrary. In practical application, the Commonwealth must first produce some evidence that the currency or some portion of it had been used or was intended to be used in a drug transaction. Additional proof by the Commonwealth that the currency sought to be forfeited was found in close proximity is sufficient to make a *prima facie* case. Thereafter, the burden is on the claimant to convince the trier of fact that the currency was not being used in the drug trade.

*Osborne v. Commonwealth,* 839 S.W.2d 281, 284 (Ky.1992).

Appellant does not deny that the money and drugs were in close proximity to each other. He does argue that the Commonwealth did not provide the evidence necessary to trace the money to a drug transaction. Appellant claims that the money in his possession was not related to any drug transaction. He argues now, and testified to such during trial, that he won the money gambling on a casino boat. Appellant

also argues that no one during the trial testified that he bought or sold drugs to obtain the money.

The Commonwealth argues that there was sufficient evidence to trace the money to the drugs. We agree. During trial, Appellant's recorded confession was introduced into evidence. When asked if he smoked crack, Appellant replied "No, I don't smoke no damn crack. Damn. I make money at this shit . . ." Also, Appellant was found with one large bag of cocaine in one pants pocket and several small baggies in the other pocket. The trial court described the smaller bags as being "packaged." Appellant also admitted to "giving" cocaine to a person involved in the underlying crime.

■ Given this evidence, we find the Commonwealth had "slight evidence of traceability." *Osborne* at 284. The burden of proof then shifted to Appellant, forcing him to rebut the presumption, by clear and convincing evidence, that the money was not involved in drug related activity.

■ We review the trial court's decision using the abuse of discretion standard. *Johnson v. Commonwealth*, 277 S.W.3d 635, 641 (Ky.App.2009). We find that the trial court did not abuse its discretion. The only evidence Appellant presented that the money was not involved in a drug transaction was his selfserving testimony that he won it gambling. He claimed he had a casino receipt on him at the time of his arrest, but he did not produce it at trial or the forfeiture hearing. We agree with the trial court's findings that this did not amount to clear and convincing evidence sufficient to rebut the presumption contained in KRS 218A.410(1)(j).

■ Appellant also argues that the forfeiture of the money is an excessive fine that violates the 8th Amendment of the United States Constitution and section 17 of the Kentucky Constitution.

In determining whether a fine is unconstitutionally excessive, the trial court must determine that "the property is sufficiently tainted by the criminal act to be subject to forfeiture." It must also "determine that the particular forfeiture is not grossly disproportionate to the particular offense." "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality." "Among the factors relevant to this determination [of proportionality] are the gravity of the offense, the potential penalties, the actual sentence, sentences imposed for similar crimes in this and other jurisdictions, and the effect of the forfeiture on innocent third parties." (Citations omitted). *Smith v. Commonwealth*, 205 S.W.3d 217, 223 (Ky.App.2006); *see also Commonwealth v. Fint*, 940 S.W.2d 896 (Ky.1997).

The trial court found that the forfeiture was not excessive and we agree. Appellant was sentenced to thirty-years' imprisonment and the charges he was convicted of were all felonies. When compared to other cases involving the forfeiture of property, this forfeiture cannot be deemed excessive. In *Osborne*, a motor vehicle was ordered forfeited because it contained one marijuana plant and a set of scales. In *Fint*, a motor vehicle worth over $1,800 was ordered forfeited. In *Smith*, a vehicle worth $6,500 was ordered forfeited even though the drugs involved were only worth half that amount.

As for cases in other jurisdictions: in *United States v. One 1990 Ford Ranger Truck*, 876 F.Supp. 1283 (N.D.Ga.1995), a truck transporting a small amount of psilocybin mushrooms was ordered forfeited; in *Worthington Police v. One 1988 Chevrolet Berreta*, 516 N.W.2d 581 (Minn.Ct.App. 1994), a vehicle valued between $2,500 and

$4,500 which was used to transport a stolen color TV worth $300 from the scene of the crime to another person was ordered forfeited; and in *State ex rel. McGehee v. 1989 Ford F–150,* 888 P.2d 1036 (Okla.Ct. App.1994), a truck used to transport fifteen grams of marijuana was ordered forfeited.[1]

Additionally, there was no evidence presented to the trial court that innocent third parties would be harmed by the forfeiture. We would also note that Appellant could have been fined between $1,000 and $10,000 due to his being convicted of a felony. KRS 534.030(1). Based on this, we find the forfeiture was not excessive.

We therefore affirm the order of the trial court denying the return of the money to Appellant.

ALL CONCUR.

---

1. Even though these cases involve the forfeiture of vehicles, they are still illustrative of the issue.