RENDERED: JANUARY 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0473-MR

DEMARCUS COOMER                                      APPELLANT

                 APPEAL FROM FAYETTE CIRCUIT COURT
v.             HONORABLE LUCY ANNE VANMETER, JUDGE
                 ACTION NO. 18-CR-01345

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: GOODWINE, LAMBERT, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: Demarcus Coomer appeals from the portion of the Fayette Circuit Court's final judgment and sentencing ordering forfeiture of $665 seized by police after drugs were found in Coomer's vehicle. We reverse and remand because Coomer had a due process right to an evidentiary hearing during which the Commonwealth would have to establish a *prima facie* case for forfeiture

which Coomer failed to rebut before he could be permanently deprived of his property.

On September 25, 2018, a traffic stop was made on Coomer after his vehicle license plate was run by police, and it was discovered that his registration was cancelled due to failure to maintain insurance. Officer Ryan Nichols, who had originally run Coomer's plates because of an earlier briefing indicating there were trafficking complaints about Coomer and identifying his vehicle, immediately called for a K-9 unit. After Officer Nichols approached Coomer and explained about his lack of valid registration, Coomer admitted to Officer Nichols (as memorialized on the officer's body camera footage) that Coomer knew his registration was invalid for lack of insurance and he was on his way to obtain insurance and reinstate his registration. While Officer Nichols was completing the citations, the K-9 unit arrived and alerted.

According to the citation issued, the search revealed 1.8 grams of suspected heroin in packaging, 1.1 grams of suspected powder cocaine, 3.1 grams of marijuana total weight, a full package of "stamp baggies" commonly used to sell small quantities of narcotics, and $665. Coomer was charged with six counts, including two counts of trafficking for the suspected cocaine and heroin.

On November 26, 2018, Coomer was indicted as follows: (1) possession of a controlled substance first degree for the heroin; (2) possession of

drug paraphernalia; (3) failure of owner to maintain required insurance; (4) possession of marijuana; and (5) no/expired registration plates.

Coomer filed a motion to suppress on the basis that the K-9 sniff extended the duration of the traffic stop. Officer Nichols testified at the hearing, and his body camera footage was played during the hearing. The circuit court denied the motion, finding the stop was not extended.

On February 8, 2019, Coomer entered an *Alford*[1] plea, with the Commonwealth recommending a one-year sentence on count one, twelve months on count two, dismissal on count three, forty-five days on count four, and dismissal on count five. The circuit court accepted Coomer's plea.

Coomer waived his right to a presentence investigation and consented to immediate sentencing. The circuit court orally sentenced Coomer in accordance with the Commonwealth's recommendation to concurrent sentences totaling one year of incarceration.

Coomer then requested that the circuit court consider returning the $665 seized. The Commonwealth objected, arguing forfeiture is appropriate because the cash was found in close proximity to the drugs and there was a nexus between the money and the charges to which Coomer pled guilty.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.162 (1970).

The circuit court observed that typically there was a forfeiture of all items seized and inquired as to whether Coomer and the Commonwealth Attorney had discussed this issue. The Commonwealth Attorney explained they did discuss this issue and Coomer's counsel was aware that he would object.

Coomer argued he had the money with him because he was on his way to pay his vehicle registration and insurance when he was stopped. The circuit court stated, "registration doesn't cost $665." The circuit court orally denied Coomer's motion and ordered forfeiture of all items seized. The entire exchange between the parties and the circuit court on this issue only took one and one-half minutes.

The final judgment and sentence on the guilty plea was entered on February 20, 2019. The circuit court sentenced Coomer consistently with its oral pronouncements, noting the Commonwealth recommended forfeiture of all items seized. As to the forfeiture, the circuit court failed to make any written factual findings, simply stating, "Defendant's oral motion to recover $665.00 seized is OVERRULED."

On appeal from forfeiture, we review the circuit court's factual findings for clear error and its rulings of law *de novo*. *Gritton v. Commonwealth*, 477 S.W.3d 603, 605-06 (Ky.App. 2015).

Property subject to forfeiture under KRS 218A.410(1)(j) includes:

Everything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of this chapter, all proceeds, including real and personal property, traceable to the exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of this chapter; except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by him or her to have been committed or omitted without his or her knowledge or consent. It shall be a rebuttable presumption that all moneys, coin, and currency found in close proximity to controlled substances, to drug manufacturing or distributing paraphernalia, or to records of the importation, manufacture, or distribution of controlled substances, are presumed to be forfeitable under this paragraph. The burden of proof shall be upon claimants of personal property to rebut this presumption by clear and convincing evidence. The burden of proof shall be upon the law enforcement agency to prove by clear and convincing evidence that real property is forfeitable under this paragraph[.]

As interpreted in *Osborne v. Commonwealth*, 839 S.W.2d 281, 284

(Ky. 1992), the statute imposes the following burdens on the Commonwealth and

the defendant:

The Commonwealth may meet its initial burden by producing slight evidence of traceability. Production of such evidence plus proof of close proximity, the weight of which is enhanced by virtue of the presumption, is sufficient to sustain the forfeiture in the absence of clear and convincing evidence to the contrary. In practical application, the Commonwealth must first produce some evidence that the currency or some portion of it had been used or was intended to be used in a drug transaction. Additional proof by the Commonwealth that the currency sought to be forfeited was found in close proximity is

sufficient to make a *prima facie* case. Thereafter, the burden is on the claimant to convince the trier of fact that the currency was not being used in the drug trade.

Coomer argues that his due process rights were violated because the circuit court did not hold a separate proceeding on the forfeiture issue. He explains that the brief discussion of the issue at sentencing was inadequate and asks that we vacate the forfeiture and remand for a proper forfeiture hearing. He admits that this issue is unpreserved because he did not request a forfeiture hearing, and he requests palpable error review pursuant to Kentucky Rules of Criminal Procedure (RCr) 10.26.

We disagree that this error was unpreserved or that it was Coomer's duty to request a hearing to establish that forfeiture should not take place. Coomer misunderstands what the parties' relative burdens are.

In *Harbin v. Commonwealth*, 121 S.W.3d 191, 194 (Ky. 2003), the Kentucky Supreme Court held that the Due Process Clause[2] prohibits forfeiture without prior notice and an opportunity to be heard. It made this ruling despite language in KRS 218A.460 only requiring a hearing if requested by a third party, explaining:

> [I]t is clear from the language contained in KRS 218A.410, that the Legislature intended for an individual to be afforded the basic constitutional protections of due process prior to forfeiture of otherwise legal property.

---

[2] *See* Fourteenth Amendment to the United States Consitution.

-6-

> We fail to discern any other reason why KRS
> 218A.410(1)(j) would place the burden on a claimant to
> rebut by clear and convincing evidence the presumption
> that the property, in this case money, is forfeitable.
> Further, KRS 218A.460 expressly provides that the
> claimant to other personal property has the burden to
> prove by a preponderance of the evidence that it is not
> subject to forfeiture. Holding that notice and an
> opportunity to contest the forfeiture of one's property are
> not required essentially eviscerates these burdens of
> proof.

*Harbin*, 121 S.W.3d at 195-96. While noting that a separate forfeiture hearing took place in *Osborne*, the Court did not specify that a separate forfeiture hearing was required. *Harbin*, 121 S.W.3d at 197. However, the Court did determine that the brief hearing in *Harbin*, which took place without notice to the defendant, was insufficient and did not constitute an evidentiary hearing. *Id.*

Due process requires that before forfeiture can be ordered, the Commonwealth must present evidence sufficient to establish its *prima facie* case for forfeiture, the defendant must be given the opportunity to provide evidence to counter it, and the circuit court must make appropriate findings. *See Osborne*, 839 S.W.2d at 284; *Martin v. Commonwealth*, 586 S.W.3d 252, 254-55 (Ky.App. 2019). Coomer's act of pleading guilty to the charges did not make forfeiture automatic or shift the initial burden to Coomer to prove that forfeiture should not take place. When Coomer asked that the money be returned, it was the Commonwealth's responsibility to establish that the money seized should be

forfeited. Whether or not forfeiture normally occurs in similar circumstances does not provide a basis for ordering forfeiture here without appropriate process and proof.

Under the circumstances, we have no difficulty concluding that the circuit court clearly erred in ordering forfeiture of Coomer's money without an appropriate evidentiary hearing. Therefore, we reverse and remand for an appropriate hearing at which Coomer and the Commonwealth may present evidence. While this could end our inquiry, we briefly address the related issues that Coomer raises.

Coomer argues that the Commonwealth failed to establish that the money was traceable to the drug dealing. Coomer also argues that this is especially important where he was not convicted of trafficking but of possession.

We agree with Coomer that the Commonwealth failed to establish that the money seized was traceable to drug dealing but disagree that the crime of which he was convicted makes any difference to this analysis. A criminal conviction for trafficking rather than possession is not required to support a forfeiture. *Robbins v. Commonwealth*, 336 S.W.3d 60, 65 (Ky. 2011). Indeed, "nothing in the forfeiture statute requires criminal conviction of the person whose property is sought to be forfeited." *Osborne*, 839 S.W.2d at 283.

Although the standard the Commonwealth must meet to establish its *prima facie* case is "extraordinarily low" pursuant to *Osborne* as explained in *Gritton*, 477 S.W.3d at 606, the Commonwealth cannot meet its burden through argument alone. The Commonwealth implicitly accepts that it did not meet its burden by now raising new arguments on appeal as to how evidence in the record could establish traceability.

It is not appropriate for us to consider new arguments on appeal, and we also note the record evidence the Commonwealth references is problematic because it is based upon hearsay. We will not assume that the circuit court both relied on such evidence and it was sufficient to establish traceability where neither the Commonwealth nor the circuit court made any reference to such evidence below. While the Commonwealth did not meet its burden below, it shall have an opportunity to do so on remand.

Although Coomer does not raise this issue, it is also evident that the circuit court erred by failing to make the requisite findings required to justify forfeiture. While written findings are the best practice, oral findings can be sufficient. *Martin*, 586 S.W.3d at 255. However, findings cannot be implied. For example, in *Martin*, oral factual findings that some tools in a truck were acquired through the proceeds of the drug trade did not justify the forfeiture of all of the

tools; specific findings on traceability regarding individual tools was needed for their forfeiture. *Id.*

The circuit court failed to make any findings as to whether the Commonwealth established proximity and traceability. If the circuit court's pronouncement is interpreted as a credibility determination against Coomer, it was premature for the circuit court to even consider whether Coomer's alternative explanation for having the money was credible prior to the Commonwealth meeting its burden and Coomer having the opportunity to present his own evidence. Indeed, it would be difficult if not impossible to make the required findings in this case without an evidentiary hearing.

While perhaps the circuit court's oral pronouncement that registration did not cost $665 could be interpreted as a finding of traceability, a finding without any evidentiary basis is not entitled to any deference. Furthermore, similar to the situation in *Martin*, there was no specific finding that the entire amount of cash present was traceable to drug trafficking.

Finally, Coomer argues that the forfeiture was a punitive fine that violated the Eighth Amendment of the United States Constitution and Section 17 of the Kentucky Constitution. In *Timbs v. Indiana*, ___ U.S. ___, 139 S.Ct. 682, 686-87, 689, 203 L.Ed.2d 11 (2019), the United States Supreme Court held that the Eighth Amendment's excessive fines clause is a fundamental liberty and is

therefore incorporated by the Due Process Clause of the Fourteenth Amendment and enforceable against states. Prior to this decision, Kentucky Courts had already concluded that an excessive fine could both violate the Eighth Amendment and Section 17 of the Kentucky Constitution, with such determination hinging upon whether the property was "sufficiently tainted by the criminal act to be subject to forfeiture" and whether the forfeiture itself was grossly disproportionate to the particular offense considering "the gravity of the offense, the potential penalties, the actual sentence, sentences imposed for similar crimes in this and other jurisdictions, and the effect of the forfeiture on innocent third parties." *Hill v. Commonwealth*, 308 S.W.3d 227, 230 (Ky.App. 2010) (quoting *Smith v. Commonwealth*, 205 S.W.3d 217, 223 (Ky.App. 2006)).

We need not resolve this issue now. "[S]ince the trial court did not conduct any forfeiture proceedings an analysis of the excessiveness of the forfeiture is premature." *Harbin*, 121 S.W.3d at 197.

Accordingly, we reverse the judgment of the Fayette Circuit Court as to the forfeiture and remand for an evidentiary hearing on this issue.

GOODWINE, JUDGE, CONCURS.

LAMBERT, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Steven Nathan Goens
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky