RENDERED: DECEMBER 2, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1039-MR

BARRY MORGAN                                                    APPELLANT

v.           APPEAL FROM BRECKINRIDGE CIRCUIT COURT
             HONORABLE BRUCE T. BUTLER, JUDGE
             ACTION NO. 19-CR-00169

COMMONWEALTH OF KENTUCKY                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND L. THOMPSON, JUDGES.

ACREE, JUDGE: Barry Morgan appeals the Breckinridge Circuit Court's August 13, 2021 order forfeiting money to Appellee, the Commonwealth of Kentucky. He argues the circuit court erred by (1) determining sufficient evidence connected the forfeited currency to drug trafficking, and (2) forfeiting additional cash in lieu of forfeiting real property. Finding no error, we affirm.

# BACKGROUND

On July 16, 2019, the Kentucky State Police received a tip that Morgan cultivated marijuana at his residence. Detective Seth Lee visited Morgan's property and observed marijuana plants growing in pots in the yard. The detective plainly observed these plants from the road. Detective Lee then knocked on the front door of Morgan's trailer home and asked permission to search the residence. Morgan permitted him to enter.

Inside the home, Detective Lee discovered several additional marijuana plants growing in pots. The home also contained two safes with cash, additional cash in a tin can, firearms, boxes of sandwich bags, a digital scale, over seventy sandwich bags containing marijuana, sixty unopened bags of potting soil, and thirty-three containers of marijuana seeds. The detective also noticed that the property was in poor condition.

Following the search, the police seized $82,142 in cash, 320 marijuana plants, and 2.5 pounds of processed marijuana. A grand jury subsequently indicted Morgan for charges related to firearms possession, marijuana cultivation, and marijuana trafficking. An allegation that Morgan earned income from marijuana trafficking was dismissed – he insisted that he traded marijuana with friends, but that he never sold marijuana – and Morgan pleaded guilty to the following amended charges: cultivating marijuana, second

offense; trafficking in marijuana; possession of a firearm by a convicted felon; and possession of drug paraphernalia.

The Commonwealth filed a motion for forfeiture of Morgan's home (both the residence and the four acres upon which it sits) and all cash found during the search. At a hearing, Morgan insisted he only traded marijuana to friends and that his cash was obtained by legal means. He presented an affidavit and a real estate purchase contract showing he sold nine acres of land for $54,780 and testified that he kept much of the proceeds in his home as cash. He also testified he had recently withdrawn $15,131 from a savings account. Morgan also receives $1,000 per month in social security. Though he claimed to make money salvaging scrap metal, performing odd jobs for a neighbor, and reselling VHS tapes at the flea market, he provided no evidence of income from these sources.

At a second hearing, the Commonwealth indicated it still intended to forfeit and sell the real property but noted the property would require a significant investment to restore it before it could be sold. The circuit court stated its preference toward forfeiting additional cash instead of Morgan's home. When invited to provide his opinion on the matter, Morgan did not object to the circuit court's preference.

The circuit court determined the Commonwealth had made a *prima facie* showing that Morgan's cash was either the proceeds of marijuana trafficking

or would be used toward future marijuana cultivation and sale. However, the circuit court also determined Morgan had offered credible evidence that most of the money was not obtained through marijuana trafficking and ordered forfeiture of $10,000 of the seized cash. The circuit court ordered an additional $29,000 – the PVA valuation of Morgan's real property – be forfeited in lieu of his home. Morgan now appeals.

## ANALYSIS

Upon appellate review of an order granting forfeiture, "[f]indings of fact made by a trial court are reviewed under the clearly erroneous standard." *Commonwealth v. Coffey*, 247 S.W.3d 908, 910 (Ky. 2008); CR[1] 52.01. "Findings of fact are clearly erroneous only if they are not supported by substantial evidence." *Mays v. Porter*, 398 S.W.3d 454, 458 (Ky. App. 2013) (citing *Black Motor Co. v. Greene*, 385 S.W.2d 954, 956 (Ky. 1964)). Evidence is substantial when "the evidence, when taken alone, or in the light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable persons." *Id.* (citing *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972)). Though we defer to a trial court's factual findings, rulings of law

---

[1] Kentucky Rules of Civil Procedure.

are reviewed *de novo*. *Coffey*, 247 S.W.3d at 910 (citing *Jackson v. Commonwealth*, 187 S.W.3d 300, 305 (Ky. 2006)).[2]

Kentucky's controlled substances statute – KRS[3] Chapter 218A – provides a mechanism for forfeiture of money or other property connected to drug offenses. As relevant to this appeal, KRS 218A.410 provides:

> Everything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of this chapter, all proceeds, including real and personal property, traceable to the exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of this chapter[.]
>
> . . . .
>
> It shall be a rebuttable presumption that all moneys, coin, and currency found in close proximity to controlled substances, to drug manufacturing or distributing paraphernalia, or to records of the importation, manufacture, or distribution of controlled substances, are presumed to be forfeitable under this paragraph. The burden of proof shall be upon claimants of personal property to rebut this presumption by clear and convincing evidence. The burden of proof shall be upon the law enforcement agency to prove by clear and convincing evidence that real property is forfeitable under this paragraph[.]

---

[2] We note that Appellant's brief deviates significantly from the requirement of CR 76.12(4)(c)(v) because it fails to demonstrate in its argument section that each argument presented therein was properly preserved for appellate review. We choose not to strike Appellant's brief, though controlling precedent gives us the power to do so at our discretion. This decision should not be interpreted in any way to demonstrate a policy of this Court regarding this and other similar deficiencies.

[3] Kentucky Revised Statutes.

KRS 218A.410(1)(j).  To establish this presumption of forfeitability, "'the Commonwealth bears the initial burden of producing some evidence, however slight, to link the [property] it seeks to forfeit to the alleged violations of KRS 218A.'"  *Commonwealth v. Doebler*, 626 S.W.3d 611, 618 (Ky. 2021) (quoting *Brewer v. Commonwealth*, 206 S.W.3d 343, 348 (Ky. 2006)).

The "slight evidence" threshold to establish a presumption of forfeitability is exceeded when seized currency is found in close proximity to evidence of drug trafficking.  In *Osborne v. Commonwealth*, the police raided a trailer home and seized over $6,000 in cash, two pounds of marijuana divided into quarter-pound bags, a marijuana plant, and "a sophisticated set of scales of the type used in the drug trade."  839 S.W.2d 281, 282 (Ky. 1992).  Osborne and a man named Donald Kimberly inhabited the trailer home.  *Id*.  Police found currency and packaged marijuana inside the domicile and found the scales and the marijuana plant inside a vehicle located on the property.  *Id*.  Osborne had also sold a quarter pound of marijuana prior to the raid and seizure.  *Id*.  While Kimberly was convicted of trafficking in marijuana, Osborne was not.  *Id*.  Upon review of the trial court's grant of forfeiture of the currency seized during the raid of Osborne's home, the Supreme Court determined because the currency was found in the home of Kimberly, a person convicted of trafficking in marijuana, that the

-6-

Commonwealth had provided the requisite slight evidence to establish a *prima facie* case for forfeiture. *Id*. at 284.

In the case *sub judice*, the State Police found Morgan's cash inside two safes and a tin container within his trailer home. Just as in *Osborne*, the discovery of cash inside the home of a person convicted of marijuana trafficking – here, Morgan himself – exceeds the "slight evidence" threshold that KRS 218A.410(1)(j) and resultant jurisprudence require for the Commonwealth to establish a rebuttable presumption of forfeitability. The proximity of the currency to marijuana within Morgan's home – in addition to the presence of several marijuana plants, potting soil, containers of marijuana seeds, a digital scale, and over seventy sandwich bags containing marijuana – supports the circuit court's determination that the Commonwealth had made its *prima facie* case. Proximity of property to controlled substances and distribution paraphernalia is a question of fact, *Doebler*, 626 S.W.3d at 618, and our review reveals no error in the circuit court's findings.

In his brief, Morgan argues that any currency seized could not have been connected to his marijuana trafficking conviction because he did not exchange marijuana for currency; he asserts his trafficking conviction instead is based upon exchanging marijuana for labor. To this point, Morgan notes the Commonwealth amended his charge to remove the allegation that he exchanged

marijuana for payment in cash. However, because "nothing in the forfeiture statute requires criminal conviction of the person whose property is sought to be forfeited[,]" *Osborne*, 839 S.W.2d at 283, it stands to reason it is irrelevant that Morgan's conviction as amended did not indicate an actual sale. "The inquiry is whether the evidence and law, including statutory presumptions, permit a finding that the subject property was used to *facilitate* violation of [KRS Chapter 218A]." *Id.* (emphasis supplied). Though the allegation that Morgan was actually paid in exchange for marijuana was dropped, this does not mean any currency seized is not subject to forfeiture. The proximity of the money to equipment and paraphernalia upon which Morgan's charge and ultimate guilty plea were based – including over three hundred marijuana plants – was sufficient evidence to presume the money could be traced to marijuana trafficking, even if the money was not acquired from marijuana sales. For instance, it is perfectly reasonable to presume Morgan would use the money to purchase supplies for growing additional marijuana.

While Kentucky's forfeiture statute provides the party opposing forfeiture an opportunity to rebut the presumption of forfeitability, the circuit court correctly determined Morgan failed to rebut this presumption as to the forfeited currency. KRS 218A.410(1)(j) provides, once the Commonwealth has provided the requisite proof, the burden then shifts to the party opposing forfeiture to rebut the Commonwealth's *prima facie* case upon clear and convincing evidence. KRS

218A.410(1)(j). "Clear and convincing proof does not necessarily mean uncontradicted proof." *W.A. v. Cabinet for Health & Fam. Servs*, 275 S.W.3d 214, 220 (Ky. App. 2008). Rather, "[i]t is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent-minded people." *Id*. Whether the presumption has been rebutted by clear and convincing evidence is reviewed on appeal for abuse of discretion. *Doebler*, 626 S.W.3d at 618 (citing *Robbins v. Commonwealth*, 336 S.W.3d 60, 65 (Ky. 2011)).

The circuit court plainly did not abuse its discretion when it determined some, but not all, of the money seized from Morgan's home was forfeitable. As the parties acknowledge, the lion's share of the seized money was not subject to forfeiture because Morgan was able to provide documentation proving he obtained the money through the sale of real estate, through social security payments, and from a recent withdrawal from a savings account. In an effort to rebut the presumption of forfeitability as to the money ultimately forfeited, Morgan claimed to have sold scrap metal and VHS tapes, as well as having performed work for his neighbor; however, Morgan provided no proof thereof. Without such evidence, we cannot say the circuit court abused its discretion when it chose not to take Morgan at his word. Because clear and convincing evidence – in sum, the proximity of the seized cash to various indicia

of marijuana trafficking – supports the circuit court's determination that Morgan failed to rebut the presumption, we will not disturb it.

Finally, Morgan argues the circuit court erred when it granted forfeiture of additional cash as a substitute for forfeiting his real property. Apparently, this argument is presented for the first time before this court. As the Commonwealth notes in its brief, Morgan did not object to the circuit court's suggestion that cash be substituted in lieu of his home, nor did he argue the circuit court lacked such power. Following the circuit court's order forfeiting the assessed value of Morgan's real estate rather than the real estate itself, Morgan did not file a motion to alter, amend, or vacate pursuant to CR 59.05.

"'[A]n appellant preserves for appellate review only those issues fairly brought to the attention of the trial court.'" *Owens v. Commonwealth*, 512 S.W.3d 1, 15 (Ky. App. 2017) (citing *Elery v. Commonwealth*, 368 S.W.3d 78, 97 (Ky. 2012)). "Our jurisprudence will not permit an appellant to feed one kettle of fish to the trial judge and another to the appellate court." *Id*. Morgan failed to present the issue to the trial judge in the first place. Because Morgan failed to preserve this argument for review, we decline to address it.

## CONCLUSION

For the foregoing reasons, we affirm the Breckinridge Circuit Court's August 13, 2021 order awarding forfeiture to the Commonwealth.

-10-

ALL CONCUR.


BRIEF FOR APPELLANT:        BRIEF FOR APPELLEE:

Michael R. Mazzoli         Daniel Cameron
Louisville, Kentucky         Attorney General of Kentucky

Kenton Smith         Robert Baldridge
Brandenburg, Kentucky        Assistant Attorney General
                                    Frankfort, Kentucky