Paul THOMPSON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Jan. 28, 1983.

Stuart Lyon, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., William L. Davis, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and HOWARD and LESTER, JJ.

HAYES, Chief Judge:

The appellant was convicted of the unlawful possession of morphine for his own use, KRS 218A.990(7). He appeals that conviction claiming the trial court erred in (1) failing to require the Commonwealth to produce the name of the confidential informant; (2) failing to suppress the search warrant; (3) the admission of certain evidence; and (4) in failing to direct a verdict of acquittal.

The affidavit in support of the search warrant for appellant's person and residence stated the affiant, a Kentucky State Trooper, received information from a Louisville police officer who in turn had received information from a reliable confidential informant that the appellant had in his possession on June 17, 1981 unlawful drugs and that appellant was a seller.

Surveillance by the police on June 17th and 18, 1981 revealed visits to appellant's home by known and convicted drug users and sellers.

The execution of the search warrant on appellant on June 18, 1981 resulted in his arrest for the possession of four morphine tablets.

■ The appellant requested the trial court to require the prosecution to divulge the identity of the informant at a pre-trial suppression hearing. He relies on the cases of *Roviaro v. U.S.*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and *Burks v. Commonwealth*, Ky., 471 S.W.2d 298 (1971).

Neither of the above cases is applicable to the present case. In *Burks* and in *Roviaro*, the informant actually made the buy from the accused thereby becoming a participant in and a material witness to the sale of unlawful drugs.

In the present case the informant, whose identity is not required by virtue of KRS 218A.260 unless he or she is a material witness to the guilt or innocence of the person accused of the *offense* charged, did not participate in any way in the offense for which appellant was charged and convicted. The trial court was correct in not requiring disclosure of the identity of the informant.

■ Appellant's next complaint is that the search warrant and the evidence obtained from its execution should have been suppressed because of a lack of probable cause in the affidavit in support of the warrant. He relies primarily upon *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

Whether or not the affidavit is properly before this court (appellee argues it is not since it was not made a part of the record below) we have examined it as contained in appellant's brief and find that it clearly meets the test established in *Aguilar*. There was sufficient information related by the affidavit to establish the informant's credibility and to justify the magistrate finding probable cause to issue the warrant. The prior and subsequent police surveillance buttressed the informant's information.

A motion for a mistrial was made by appellant when a police officer testified that his investigation, which led to appellant's arrest, revealed that appellant was trafficking in narcotics. The motion for mistrial resulted from the statement that appellant was trafficking, however he was arrested and indicted for possession, a different crime.

■ Generally, evidence of crimes other than the one charged in the indictment is not competent, *Arnett v. Commonwealth*, Ky., 470 S.W.2d 834 (1971). However, we find the appellant has waived any error when he took the stand and testified he was arrested for trafficking instead of possession and when counsel for appellant in the cross-examination of the witness, William Haynes, who had been arrested with appellant, was asked about being at appellant's house with $1,900.00 in cash for the purpose of purchasing morphine. No objection was made by appellant when Officer Charles Thomas was recalled to the witness stand and testified Haynes had told him he, Haynes, was at appellant's house to buy drugs when both were arrested. It appears from a reading of this record that appellant, through his own testimony and through cross-examination of other witnesses, participated in the introduction of inadmissible evidence as much as the Commonwealth did.

■ The last issue the appellant raises, the failure to direct a verdict because of insufficient evidence, is totally without merit. It certainly was not clearly unreasonable for the jury to find appellant guilty for unlawful possession of morphine.

The judgment is affirmed.

All concur.