**COMMONWEALTH of Kentucky, Appellant,**

v.

**Paul Edwin BALSLEY, Appellee.**

No. 87–CA–000450–MR.

Court of Appeals of Kentucky.

Oct. 30, 1987.

Rehearing Denied Jan. 15, 1988.

David L. Armstrong, Atty. Gen., Wina B. Sutherland, and David H. McKenna, Sp. Asst. Attys. Gen., Louisville, for appellant.

Frank E. Haddad, Bart Adams, Louisville, for appellee.

Before CLAYTON, DYCHE and McDONALD, JJ.

DYCHE, Judge.

The Commonwealth appeals from an order of the Jefferson Circuit Court which requires the disclosure of the identity of a "confidential informant" who furnished information to the Jefferson County Police which led to the issuance of a search warrant, and the arrest of the appellee.

The affidavit filed in support of the search warrant stated as follows:

> On the 5th day of June, 1986, at approximately 1730 p.m., affiant received information from a reliable, confidential police informant whom affiant knows to be a truthful and reliable individual who fears for his life and personal safety and should his identity be revealed would destroy his effectiveness as a police informant. The informant advises that during the past forty eight hours he was at 7403 LeSane and observed a subject at that residence whose name was Paul with a quantity of cocaine. The informant advises that Paul was offering the cocaine for sell [sic]. Affiant states that he knows the informant to be a truthful and reliable individual because during the past year he has furnished information that has led to the arrest and conviction of at least one individual concerning controlled substances. The informant has also on occasion made controlled buys for affiant. The above took place in Jefferson County.

Following execution of the search warrant, appellee was charged with trafficking in cocaine and illegal possession of drug paraphernalia.

Appellee filed pre-trial motions to suppress, and to require disclosure of the confidential informant. At the conclusion of a hearing on the motions, the court ordered that the informant be produced by the Commonwealth for examination by the appellee on his suppression motions. The court dictated into the record lengthy findings of fact to support its order.

The statute dealing with the use of confidential informants in drug cases (KRS 218A.260) reads as follows:

> In any preliminary hearing, criminal trial, or other criminal proceeding involving an alleged violation of the controlled substance laws or regulations, evidence of information communicated to a peace officer by a confidential informant who is not a material witness to the guilt or innocence of the accused of the offense charged, shall be admissible on the issue of reasonable cause to make an arrest or search without requiring that the name or identity of the informant be disclosed if the judge is satisfied, based upon evidence produced in open court out of the presence of the jury, that such information was received from a reliable informant and in his discretion does not require such disclosure.

This statute recognizes the necessity for the use of such individuals in this type case without disclosure of the identity, but also incorporates the constitutional protections set out in *Roviaro v. U.S.*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and *Burks v. Commonwealth*, Ky., 471 S.W.2d 298 (1971).

> *Roviaro* and its supporting precursors are based upon the constitutional principle of fundamental fairness as an indispensable element of due process.... The significant point is that when an informer participates in or places himself in the position of observing a criminal transaction he ceases to be merely a source of information and becomes a witness. We have no quarrel with the general proposition that the state should not be required to disclose its sources of information, including the identities of informers, but there simply can be no valid principle under which the identity of a known witness may be concealed

from adversary parties in any kind of a judicial proceeding, criminal or civil.

*Burks, supra,* at 300–301.

■ In order for disclosure to be required under the first part of the statute, the informant must witness material parts of the offense charged. (*See Thompson v. Commonwealth,* Ky.App., 648 S.W.2d 538 [1983]).

■ The statute also allows disclosure to be ordered in situations where the informant is not a material witness, but the judge is not satisfied, from the evidence presented, that the information was received from a confidential informant. In that case, disclosure is within the judge's discretion.

■ In the present case, the trial court apparently found disclosure necessary. He made a finding of fact, based on the sworn allegations in the affidavit presented to the district judge in the application for the search warrant, that the informant was a material witness to the offense charged.

Such finding of fact will not be disturbed unless clearly erroneous. CR 52.01. Having reviewed the entire record herein, we will not set aside that finding, as it is well supported by the record.

The trial court also found that the circumstances in this case fell under the second part of the statute, remarking, "Now, in this case, this judge is not satisfied that such information was received from a reliable informant, and in my judgment, the disclosure is required."

We will not detail the evidence presented herein other than to say that the present affidavit was substantially similar or exactly the same as the 35 previous affidavits submitted by this officer in search warrant applications. As the trial judge indicated, this and other disturbing elements of the investigation of appellee may very well be explained away by further testimony. We do find, however, that the actions of the trial judge, even if the informant had not been found to be a material witness, were well within his sound discretion. Disclo-

sure is proper under either part of the statute.

The order of the Jefferson Circuit Court is affirmed.

All concur.