**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4158**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY CLYDE GORDON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:06-cr-00201-HEH)

Submitted: January 7, 2008      Decided: February 12, 2008

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elliott Bruce Bender, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, N. G. Metcalf, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Clyde Gordon pled guilty to possession of a firearm by a person convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9) (2000). The district court sentenced Gordon to twelve months and one day imprisonment. Gordon expressly preserved the right to appeal the denial of his motion to suppress evidence. Gordon now appeals his conviction, arguing that two firearms found in his vehicle should have been suppressed because his arrest and the search of his vehicle violated the Fourth Amendment. Gordon further argues that the charge against him should have been dismissed because his prior conviction for domestic assault in the Brunswick County Juvenile and Domestic Relations Court did not qualify as a predicate offense under 18 U.S.C. § 922(g)(9). For the reasons that follow, we affirm.

This court reviews factual findings underlying a district court's suppression determination for clear error and the district court's legal conclusions de novo. United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). When the district court has denied a suppression motion, this court reviews the evidence in the light most favorable to the Government. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

In his first argument, Gordon contends his arrest was in violation of the Fourth Amendment because the Virginia Code authorizes only issuance of a summons, and not custodial arrest, for trespass. Because this challenge was not asserted in the district court, this court's review is for plain error. See Fed. R. Civ. P. 52(b); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).

Gordon fails to establish any error. Whether or not Deputy Stith's arrest of Gordon contravened state law is irrelevant to this court's constitutional analysis. See United States v. Van Metre, 150 F.3d 339, 347 (4th Cir. 1998). A violation of state law respecting a defendant's arrest does not necessarily constitute a violation of the Fourth Amendment. See Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1138 (4th Cir. 1982) ("[C]onstitutional standard is not affected by the fact that state law may impose a more stringent arrest standard upon state police officers."). Gordon concedes Deputy Stith had probable cause to suspect him of trespass. "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).*

_____

*Gordon's claim also fails because the Virginia Code specifically authorizes custodial arrest for class one or two misdemeanors "if any person is believed by the arresting officer to

- 3 -

Next, Gordon challenges whether the warrantless search of his vehicle by Deputy Stith constituted a Fourth Amendment violation. Police officers may search the passenger compartment of an automobile contemporaneously with the lawful custodial arrest of the automobile's occupant without the requirement of a separate probable cause for the search. New York v. Belton, 453 U.S. 454, 460 (1981). Vehicle searches incident to the lawful arrest of the "occupants" or "recent occupants" are also permissible, accounting for situations in which the "officer does not make contact until the person arrested has left the vehicle." Thornton v. United States, 541 U.S. 615, 621-24 (2004). "[W]hile an arrestee's status as a 'recent occupant' may turn on his temporal or spatial relationship to the car at the time of the arrest and search, it certainly does not turn on whether he was inside or outside the car at the moment that the officer first initiated contact with him." Id. at 622.

The district found that Gordon was a "recent occupant" of the vehicle within the meaning of Thornton at the time of his arrest. This finding was not clearly erroneous. Deputy Stith was responding to a domestic call in which the 911 operator reported the suspect had left the property in a white sport utility vehicle

_____

be likely to cause harm to himself or to another person." See Va. Code Ann. § 19.2-82. Stith testified that he believed Gordon posed a safety risk to Andrea Ammerman, Gordon's former girlfriend, and himself.

and was expected to return. Gordon returned to the property in the white SUV only minutes before Deputy Stith arrived. The SUV was just four or five feet from the porch on which Gordon was first seen. Though several minutes passed as the officers conducted an investigation, Gordon was arrested as soon as the available information demonstrated he was trespassing. He was placed under arrest while standing just two or three feet from the SUV, and after having just retrieved a letter from the vehicle that formed the basis for his arrest. The SUV was searched immediately upon his arrest.

These facts demonstrate that Gordon was a recent occupant of the SUV at the time of his lawful custodial arrest for trespass; thus, Deputy Stith was entitled to search the entire passenger compartment of that automobile as a contemporaneous search incident to Gordon's arrest. See Belton, 453 U.S. at 460; Thornton, 541 U.S. at 621-24. Accordingly, the district court did not err in denying Gordon's motion to suppress evidence and we affirm for that reason.

Gordon's final challenge relates to the district court's denial of his motion to dismiss. We conclude this claim fails. It is well settled that the issue of whether a prior misdemeanor conviction for domestic violence qualifies as a predicate offense pursuant to 18 U.S.C. § 922(a)(33)(B)(i)(II) is a question of law for the court to decide. See United States v. Bethurum, 343 F.3d

712, 716 (5th Cir. 2003); United States v. Stanko, 491 F.3d 408, 412-13 (8th Cir. 2007) (citing cases).

Title 18 U.S.C. § 922(g)(9) provides that it shall be unlawful for a person who has been convicted in any court of a misdemeanor crime of domestic violence ("MCDV") to possess a firearm. However, pursuant to 18 U.S.C. § 921(a)(33)(B), a person shall not be considered to have been convicted of misdemeanor domestic violence unless, among other things, "the person, if he was entitled to a jury trial in the MCDV case under the laws of the jurisdiction in which the MCDV case was tried, . . . knowingly and intelligently waived the right to have the [MCDV] case tried by a jury, by guilty plea or otherwise." United States v. Jennings, 323 F.3d 263, 265 (4th Cir. 2003) (internal citations and quotation marks omitted); 18 U.S.C. § 921(a)(33)(B).

In January 2005, Gordon was convicted of domestic assault in Juvenile and Domestic Relations ("J&DR") Court. Under Virginia law, a defendant appearing before a J&DR Court has no right to a jury trial in that court. Such a right exists only when the defendant exercises his right to appeal the judgment to a Virginia Circuit Court. See Va. Sup. Ct. R. 3A:13(a). Gordon did not have a right to a jury trial in J&DR court, and he did not appeal to a circuit court thereby triggering his right to a jury trial. Accordingly, the district court properly found Gordon was not

entitled to a jury as a matter of law, and that his J&DR conviction was a valid predicate under § 922(g)(9).

Accordingly, we affirm Gordon's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED