**Duwan Lamar ROBBINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2009–SC–000643–DG.

Supreme Court of Kentucky.

March 24, 2011.

Bruce P. Hackett, Chief Appellate Defender, Office of the Louisville Metro Public Defender, Daniel T. Goyette, Louisville Metro Public Defender, Louisville, KY, Counsel for Appellant.

Jack Conway, Attorney General, Julie Scott Jernigan, Assistant Attorney General, Office of the Attorney General, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

In September 2005, Appellant, Duwan Lamar Robbins, was eating dinner at a restaurant with two companions in Louisville, Kentucky. At the time, an outstanding bench warrant existed for his arrest for failure to appear at sentencing in a drug trafficking case in Jefferson Circuit Court. Police officers were informed of Robbins' whereabouts by a confidential informant. Acting on the tip, the officers had followed Robbins' vehicle from the area of his home to the restaurant and had positively identified him through the restaurant window.

As Robbins exited the establishment and neared the driver's side door of his vehicle, he unlocked it with a remote key. Robbins' female companion opened the rear passenger door. At this point, the officers identified themselves. Robbins ran to the passenger side of the vehicle, reached into his pocket, and threw something to the ground. At this point, the officers were able to secure the scene and placed Robbins in handcuffs.

An officer patted Robbins down and found $1,010 in cash on his person. Meanwhile, another officer retrieved a small bindle from underneath the vehicle. Based on their training and experience, the officers concluded that the bindle contained cocaine. Robbins was placed under arrest for trafficking in a controlled substance and tampering with physical evidence. As one officer began completing the arrest citation paperwork, others searched Robbins' vehicle and found two additional packages of cocaine, each containing over three grams.

Thereafter, Robbins was indicted for trafficking in a controlled substance in the first degree and tampering with physical evidence. Eventually, he entered a conditional guilty plea to possession of a controlled substance and tampering with physical evidence, reserving all of the trial court's rulings for appellate review. The trial court also conducted a forfeiture hearing and ordered forfeiture of the $1,010 in currency found on Robbins' person at the time of his arrest. As permitted by the plea agreement, Robbins appealed the trial court's orders with respect to the motion to suppress, the identity of the confidential informant, and discovery concerning the Commonwealth's expert witness. The forfeiture order is also contested.

The Court of Appeals affirmed on each of the four issues presented for review. Determining that the warrantless search of Robbins' vehicle was an allowable search incident to arrest, the Court of Appeals affirmed the trial court's refusal to suppress the two bags of cocaine found

therein. The Court of Appeals likewise concluded that the trial court did not abuse its discretion by refusing to compel discovery regarding an unidentified expert witness in the field of narcotics and by refusing to compel the Commonwealth to reveal the identity of the confidential informant. Finally, the Court of Appeals affirmed the trial court's order requiring forfeiture of the currency seized at the time of Robbins' arrest.

Robbins sought discretionary review of this Court, which was granted. He again raises four issues for review. For the reasons set forth herein, we affirm.

■ Robbins first claims that the warrantless search of his vehicle was unlawful and, therefore, his motion to suppress was improperly denied. Appellate review of a trial court's ruling on a motion to suppress is two-fold. We first review the factual findings of the trial court under a clearly erroneous standard. *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky.1998). If the findings of fact are supported by substantial evidence, we next review *de novo* the applicability of the law to the facts found. *Id.*

■ Warrantless searches are *"per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). One of the exceptions is a search incident to a lawful arrest, which permits an officer to search an arrestee's person and the area within his immediate control for weapons or concealed evidence. *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The United States Supreme Court recently clarified the application of the search incident to arrest exception to vehicle searches in *Arizona v. Gant.* —— U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). Additionally, we reiterate that Section 10 of the Kentucky Constitution provides no greater protection than the federal Fourth Amendment. *LaFollette v. Commonwealth,* 915 S.W.2d 747, 748 (Ky. 1996).

■ In *Gant,* the Court explained that a vehicle search is permissible following a lawful arrest in two circumstances. Law enforcement may search a vehicle incident to a recent occupant's arrest "when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Id.* at 1719. A search is also warranted when it is "reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 1723.

■ The search in this case was permissible under the second prong of *Gant* Though officers initially approached Robbins to execute the outstanding bench warrant for failure to appear, he was actually arrested on new charges of trafficking in a controlled substance and tampering with physical evidence. The trafficking arrest was based on the bindle Robbins threw to the ground, as well as the significant amount of cash found on his person. In addition, the arresting officers knew Robbins to be a convicted drug trafficker. Further, the arresting officer testified that, in his experience, drug traffickers typically keep controlled substances in multiple locations. Under these circumstances, it was reasonable for officers to believe that additional evidence relevant to drug trafficking might be found in the vehicle. *See Owens v. Commonwealth,* 291 S.W.3d 704, 708 (Ky.2009) (search incident to defendant's arrest for a suspended driver's license yielded drug paraphernalia, giving rise to additional arrest and justifying subsequent search of defendant's vehicle for contraband relating to new charge).

Accordingly, the search of Robbins' vehicle was permissible as incident to his lawful arrest on charges of drug trafficking.

██ As a corollary argument, Robbins also claims that he was not a recent occupant of the vehicle for purposes of a *Gant* vehicle search. Indeed, the exception enunciated in *Gant* applies only to recent occupants of the vehicle. Though cases analyzing the exact meaning of the term "recent occupant" are few, the Supreme Court has provided the following guidance: "[W]hile an arrestee's status as a 'recent occupant' may turn on his temporal or spatial relationship to the car at the time of the arrest and search, it certainly does not turn on whether he was inside or outside the car at the moment that the officer first initiated contact with him." *Thornton v. U.S.*, 541 U.S. 615, 622, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004). We believe it clear that an analysis of whether a person is a recent occupant of a vehicle must rest on the particular circumstances of the arrest and be considered on a case-by-case basis.

Because he was within arm's reach of the vehicle at the time of his arrest, Robbins focuses this argument on his temporal relationship to the automobile. It is true that, when he was arrested, Robbins had not physically occupied the vehicle since parking it at the restaurant. However, officers had followed Robbins driving his vehicle from his neighborhood to the restaurant and were present in the parking lot for the duration of his visit there. They observed that the vehicle was empty while Robbins and his companions ate their meal. The officers were also aware that no one had entered or exited the vehicle in the meantime. They further observed Robbins unlock the car with a remote key, demonstrating his control of the automobile. Under these circumstances, Robbins can be characterized as a recent occupant of the vehicle. *See U.S. v. Gordon*, 264 Fed.Appx. 274, 276 (4th Cir. 2008) (where information provided by 911 operator indicated that defendant had arrived at scene in the vehicle moments before officers arrived, defendant was considered recent occupant even though he was standing five feet from the vehicle when initially approached by police and arrested).

The trial court did not err in refusing to suppress the evidence found in Robbins' vehicle following his arrest.

██ Robbins next argues that the trial court abused its discretion by ordering forfeiture of the $1,010 in cash found on his person at the time of his arrest. KRS 218A.410(1)(j) permits forfeiture of currency furnished in exchange for a controlled substance. The statute provides for a special burden-shifting procedure to determine whether the property must be forfeited.

> [T]he Commonwealth must first produce some evidence that the currency or some portion of it had been used or was intended to be used in a drug transaction. Additional proof by the Commonwealth that the currency sought to be forfeited was found in close proximity is sufficient to make a *prima facie* case. Thereafter, the burden is on the claimant to convince the trier of fact that the currency was not being used in the drug trade.

*Osborne v. Commonwealth*, 839 S.W.2d 281, 284 (Ky.1992).

Here, the arresting officers testified that $1,010 in cash was found on Robbins' person. In addition to the cocaine found in his vehicle, the officers witnessed Robbins take the small bindle of cocaine from his pocket and throw it on the ground. The proximity prong was clearly satisfied under these circumstances.

The Commonwealth also satisfied its burden with respect to traceability. The investigating officer testified that, at the time of Robbins' arrest, he was not employed in any occupation from which taxes were being withheld. He had recently been convicted of drug trafficking, and three separately wrapped packages of cocaine were found during the searches. *See Hill v. Commonwealth,* 308 S.W.3d 227, 230 (Ky.App.2010) (forfeiture proper where defendant was arrested with one large bag of cocaine in one pocket and several small bags found in another). Though Robbins ultimately pled guilty to a reduced charge of possession, criminal conviction of the trafficking charge was not required to support the forfeiture. *See Osborne,* 839 S.W.2d at 283. ("[N]othing in the forfeiture statute requires criminal conviction of the person whose property is sought to be forfeited. It is sufficient under KRS 218A.410(h) and (j) to show a nexus between the property sought to be forfeited and its use to facilitate violation of the Controlled Substances Act, KRS 218A.").

To satisfy its initial burden, the Commonwealth need only produce *"slight* evidence of traceability." *Osborne,* 839 S.W.2d at 284. (Emphasis added). That burden was met here. Consequently, the onus shifted to Robbins to rebut the presumption. Robbins offered no evidence to convince the trial court that the currency was not being used in the drug trade. As such, we cannot conclude that the trial court abused its discretion in ordering forfeiture of the $1,010 in cash found on Robbins' person. *Johnson v. Commonwealth,* 277 S.W.3d 635, 641 (Ky.App.2009).

■ Robbins next claims that the trial court abused its discretion by refusing to compel discovery pertaining to the Commonwealth's expert witness. The Commonwealth notified Robbins of its intent to call an expert in the field of narcotics. Though Robbins claims that the Commonwealth failed to formally identify the witness, the record makes clear that defense counsel was aware that Detective Robert O'Neill of the Kentucky Bureau of Investigations would testify as a narcotics expert. Robbins moved the court to exclude any testimony by the expert or to conduct a *Daubert* hearing regarding the witness' qualifications. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The trial court refused, stating that disclosure was not required because the Commonwealth did not indicate that the expert witness had conducted any examinations, tests, or experiments that were discoverable under RCr 7.24.

■ "The extent to which either party to a criminal proceeding may require information of the other is governed by RCr 7.24." *King v. Venters,* 596 S.W.2d 721 (Ky.1980). RCr 7.24(1)(b) compels discovery only of "results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof. . . ." In the absence of examinations, tests or experiments conducted in connection with this case, the rule does not compel disclosure of the Commonwealth's expert witness. The trial court did not abuse its discretion in this regard. *See Beaty v. Commonwealth,* 125 S.W.3d 196, 202 (Ky.2003) (trial court's rulings regarding discovery are reviewed for an abuse of discretion).

■ Further, the trial court did not abuse its discretion in refusing to conduct a *Daubert* hearing to assess the reliability of the testimony of the expert witness. Because a trial was never conducted in this matter, the exact content of the proposed expert's testimony is undetermined. Presumably, the Commonwealth's expert was

expected to testify about the drug trade, based on his training and experience. This Court has repeatedly held that a *Daubert* hearing is not necessary to assess the reliability of expert testimony based on specialized knowledge of a law enforcement officer. *See McCloud v. Commonwealth,* 286 S.W.3d 780, 787–88 (Ky.2009). Even if the expert intended to opine about Robbins' alleged intent to sell cocaine, as he argues herein, such would not have been error. *Sargent v. Commonwealth,* 813 S.W.2d 801, 802 (Ky.1991). The trial court did not abuse its discretion in refusing to conduct a *Daubert* hearing on reliability.

■ Finally, Robbins contends that he was entitled to the name of the confidential informant. This informant told police that Robbins was trafficking in cocaine, and that he was at the restaurant on the night he was arrested. The trial court refused to compel disclosure of the informant's identity.

We agree with the trial court that disclosure was unnecessary in this case. The officer who testified at the suppression hearing explained that the informant provided only general information regarding Robbins' whereabouts and the bare assertion that he "might still" be dealing cocaine. The informant was not present at the time of arrest, nor did he provide any specific information about Robbins' alleged drug trafficking. The Commonwealth indicated that the informant would not be called as a witness.

The Commonwealth enjoys a privilege to refuse to disclose the identity of a confidential informant. KRE 508(a). Exceptions to this general rule include voluntary disclosure, KRE 508(c)(1); or testimony by the informant on a relevant issue, KRE 508(c)(2). None of the exceptions apply in this case. Moreover, the identity of the informant is immaterial to the officers' ex-

ecution of the bench warrant against Robbins or of his possession of cocaine at the time of arrest. *See Thompson v. Commonwealth,* 648 S.W.2d 538, 539 (Ky.App. 1983). Robbins was not entitled to disclosure and, therefore, no error occurred.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

MINTON, C.J.; ABRAMSON, SCHRODER, SCOTT and VENTERS, JJ., concur.

NOBLE, J., concurs in result only.