**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4744**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

RASHEEN WESTON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:15-cr-00087-CMC-1)

Submitted: February 27, 2017        Decided: March 9, 2017

Before MOTZ, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rasheen J. Weston pled guilty, pursuant to a written agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) (2012), 924(a)(2) (2012). Based on his prior South Carolina convictions for strong arm robbery, armed robbery, and pointing and presenting a firearm, the district court sentenced Weston as an armed career criminal to 180 months' imprisonment. On appeal, Weston challenges his armed career criminal status, asserting that none of his prior convictions serve as predicates under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012). For the reasons that follow, we affirm.

In challenging his armed career criminal designation, Weston claims that his strong arm robbery and two armed robbery convictions are not proper ACCA predicates because they do not qualify under the ACCA's enumerated clause or force clause and that, after Johnson v. United States, 135 S. Ct. 2551 (2015), they no longer qualify under the ACCA's residual clause. Weston argues that the offense of robbery does not contain an element requiring the type of violent physical force needed to satisfy the force clause. Additionally, Weston seeks to reassert his claim that pointing and presenting a firearm is not a violent felony. Although he acknowledges that his argument is foreclosed by Fourth Circuit precedent, United States v. King,

2

673 F.3d 274, 279-80 (4th Cir. 2012), Weston asserts that the court may wish to revisit the issue in light of Johnson. Last, Weston maintains that his prior pointing and presenting a firearm and strong arm robbery convictions were not proper ACCA predicates because the record does not show that he was represented by counsel or that he waived representation for these two convictions.

The ACCA mandates a minimum of fifteen years' imprisonment for a defendant who violates § 922(g) and "has three previous convictions" for a "violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). "We review de novo whether a prior conviction qualifies as an ACCA violent felony." United States v. Doctor, 842 F.3d 306, 308 (4th Cir. 2016). A violent felony includes "any crime punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. (internal quotation marks omitted).

In Doctor, we held that a prior South Carolina conviction for strong arm robbery properly qualifies as a predicate violent felony under the force clause of the ACCA. We concluded that "South Carolina has defined its common law robbery offense, whether committed by means of violence or intimidation, to necessarily include as an element the use, attempted use, or threatened use of physical force against the person of another."

3

Id. at 312-13 (internal quotation marks omitted). Therefore, Doctor forecloses Weston's argument that his prior strong arm robbery and armed robbery convictions are not violent felonies under the ACCA's force clause.[1] In light of this determination, we need not address Weston's argument that pointing and presenting a firearm does not constitute a violent felony under the ACCA.

Weston also argues that two of his prior state convictions-the conviction for pointing and presenting a firearm and the strong arm robbery conviction-cannot serve as ACCA predicates because the record does not show that, at the time of these convictions, he was afforded his Sixth Amendment right to counsel. Because the conviction for pointing and presenting a firearm was not a necessary ACCA predicate, we consider this argument only as it relates to his strong arm robbery conviction. The presentence report indicated with respect to this conviction that information regarding attorney representation was unavailable.

While a defendant may challenge the validity of a prior conviction on the ground that he was denied counsel, see Custis v. United States, 511 U.S. 485, 495-96 (1994), Weston bears the

---

[1] The parties do not dispute that if the lesser offense of strong arm robbery is a proper ACCA predicate, then armed robbery likewise qualifies.

4

heavy burden of showing that the prior conviction is invalid. United States v. Jones, 977 F.2d 105, 110-11 (4th Cir. 1992); see United States v. Hondo, 366 F.3d 363, 365 (4th Cir. 2004) ("[T]he defendant bears an especially difficult burden of proving that the conviction was invalid."). The determination of whether counsel is waived is reviewed de novo. Hondo, 366 F.3d at 365.

Weston had to overcome the presumption that the state court informed him of his right to counsel as it was required by statute to do and that, if he was not represented, it was because he had waived his right to counsel.[2] See Parke v. Raley, 506 U.S. 20, 28-34 (1992) (holding presumption of regularity that attaches to final judgments makes it appropriate for defendant to have burden of showing irregularity of prior plea). Weston did not meet his burden because he submitted neither documentary evidence nor testimony at the sentencing hearing to establish that he pled guilty in the absence of counsel. See Jones, 977 F.2d at 110-11 (holding that uncorroborated, inconclusive, self-serving testimony about distant events was

---

[2] See S.C. Code § 17-3-10 ("[A]ny person entitled to counsel under the Constitution of the United States shall be so advised, and if it is determined that the person is financially unable to retain counsel, then counsel shall be provided upon order of the appropriate judge unless such person voluntarily and intelligently waives his right thereto.").

insufficient to carry burden of showing invalid prior conviction). We conclude that the district court properly overruled the objection based on the presumption that the state statute was followed absent contrary evidence.

Because Weston has three qualifying prior convictions to warrant his armed career criminal designation, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED