**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 18-4367

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BRANDON LOCKE,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis, III, Senior District Judge.  (1:17-cr-00210-TSE-1)

Argued:  May 9, 2019                                    Decided:  July 30, 2019

Before WILKINSON and KING, Circuit Judges, and Irene C. BERGER, United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by published opinion. Judge Wilkinson wrote the opinion, in which Judge King joined. Judge Berger wrote a dissenting opinion.

**ARGUED:**  Mark Bodner, Fairfax, Virginia, for Appellant.  Jessica Lynne Urban, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:**  G. Zach Terwilliger, United States Attorney, Maya D. Song, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

WILKINSON, Circuit Judge:

Brandon Locke, appellant here, seeks to attack the use of a Virginia conviction for a misdemeanor crime of domestic violence (MCDV) as a predicate for his gun charge under 18 U.S.C. § 922(g)(9).[1] Locke argues that, in pleading guilty to the MCDV, he did not "knowingly and intelligently" waive his right to a jury trial as required by the statute. 18 U.S.C. § 921(a)(33)(B)(i)[a](II)(bb). The District Court rejected his contention and, for the reasons that follow, we affirm.

I.

Locke was charged with violating 18 U.S.C. § 922(g)(9), which prohibits anyone "who has been convicted in any court of a misdemeanor crime of domestic violence [MCDV]," from possessing a firearm. In enacting § 922(g)(9), Congress recognized that "[f]irearms and domestic strife are a potentially deadly combination," *United States v. Castleman*, 572 U.S. 157, 159 (2014) (citation omitted). Congress also recognized that the existing law at the time—which prohibited firearm possession by those convicted of a felony—did little to protect victims of domestic abuse, since "many perpetrators of domestic violence are charged with misdemeanors rather than felonies, notwithstanding the harmfulness of their conduct." *Voisine v. United States*, 136 S.Ct 2272, 2276 (2016). Congress therefore sought to close this "dangerous loophole" and keep guns out of the

---

[1] Locke also attacks the use of a similar Georgia conviction as a predicate. Since 18 U.S.C. § 922(g)(9) only requires one predicate offense, and since we find that his Virginia conviction is a valid predicate, we do not reach issues relating to the Georgia offense.

hands of those who might use them to victimize their families or households. *Id.* (citation omitted).

Locke does not dispute here that, when he was arrested by federal agents in August 2017, he possessed a firearm. Nor does he dispute that, some months before his arrest, he had pleaded guilty to assault and battery against a family or household member in violation of Virginia Code § 18.2-57.2, in the Juvenile and Domestic Relations (JDR) District Court of Stafford County. He does not dispute either that this conviction would ordinarily serve as a predicate offense under § 922(g)(9). Rather, Locke's argument is based on 18 U.S.C. § 921(a)(33)(B)(i)(II)(bb), which states that a

> person shall not be considered to have been convicted of [an MCDV], unless, in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, […] the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

Under this provision, if a person like Locke was "entitled to a jury trial" to resolve the prior MCDV charge but did not "knowingly and intelligently waive[]" that right, the past offense "shall not be considered" as a predicate under § 922(g)(9).

At trial, Locke argued that the Virginia conviction could not be considered a predicate offense under this provision. J.A. 427. He argued that Virginia law entitled him to a jury trial in that proceeding, and that his waiver of that entitlement did not meet the "knowingly and intelligently" standard. *Id*. In support of that argument, Locke asked the court to subpoena Nicholas Kalagian, his lawyer in the Virginia proceeding. According to Locke, Kalagian would testify that the JDR judge did not state that Locke was waiving any right to a trial by jury at the time of his guilty plea. The district court decided not to issue

3

the subpoena, ruling instead that Kalagian's evidence was irrelevant because Virginia law did not provide Locke with a right to a jury trial and, therefore, the defense offered by 18 U.S.C. § 921(a)(33)(B)(i)[a](II)(bb) was inapplicable. J.A. 140-45; J.A. 429. The district court did allow Locke to submit documentary evidence pertaining to his Virginia conviction. Opening Br. at 10.

At trial, Locke was found guilty of possessing a firearm after being convicted of an MCDV. Locke appeals, arguing in relevant part that the district judge erred in ruling that the Virginia MCDV was a proper predicate in light of 18 U.S.C. § 921(a)(33)(B)(i)[a](II)(bb). Locke's argument on appeal is first, that he was entitled to a jury trial in the Virginia proceeding and second, that he did not properly waive that right. But we now affirm the District Court because Locke cannot prevail on either step. [2]

## II.

The statute found at 18 U.S.C. § 921(a)(33)(B)(i)[a](II)(bb) is only applicable to those MCDVs that the defendant was entitled to have resolved by a jury trial. Because Locke was not entitled to a jury trial to resolve his Virginia MCDV in the Juvenile and Domestic Relations Court, the statute is inapplicable to him.

Locke was charged with assault and battery against a family or household member in violation of Va. Code § 18.2-57.2 in the Stafford County Juvenile and Domestic

---

[2] Locke also appeals the district court's decision to allow various statements made by Locke to the federal agents searching his house. We agree with the district court that the pre-*Miranda* questions asked by the agents were necessary to secure their safety, see J.A. 424E-24F, and that the post-*Miranda* statements cannot therefore be "fruits" of the poisonous tree, J.A. 424F.

Relations (JDR) District Court. As Judge Ellis noted, "[u]nder Virginia law, a defendant tried in JDR court has no right to a jury trial; a defendant is entitled to a jury trial for his Virginia MCDV case only if he . . . appeals his conviction to the circuit court." J.A. 428 (citing Va. Sup. Ct. R. 3A:13(a)). Virginia therefore has a "two tiered system for the conduct and disposition of misdemeanor offenses." Opening Br. at 28. At the first tier, there is no right to a jury trial. That right only attaches once the defendant takes the affirmative step of appealing to the second tier: "The accused is entitled to a trial by jury *only* in a circuit court on a plea of not guilty." Va. Sup. Ct. R. 3A:13(a) (emphasis added). In other words, where no appeal to the circuit court is taken, no jury trial is available in Virginia's JDR court.

Locke submitted documents in the District Court that show he was made aware of his "right to appeal a final order[.]" J.A. 222. Had he made use of this appeal, he would have had the right to a trial by jury, and 18 U.S.C. § 921(a)(33)(B)(i)(II)(bb) would operate. But he did not. Instead, he opted to deal with his MCDV on the "first tier," where there is no right to a jury trial to be had.

Virginia's entirely reasonable decision to provide for the expeditious resolution of misdemeanors like this assault and battery against a family or household member puts Locke's conviction squarely outside the category of offenses addressed by 18 U.S.C. § 921(a)(33)(B)(i)(II)(bb). He is therefore ineligible for the defense provided by that statute.

See also, *United States v. Gordon*, 264 Fed. App'x 274, 277 (4th Cir. 2008); *United States v. Artis*, 132 Fed. App'x 483, 484-85 (4th Cir. 2005).[3]

## III.

Even assuming the right to a jury trial, Locke's attack on the use of this prior guilty plea faces yet another obstacle. Guilty pleas are protected by a strong presumption, one "deeply rooted in our jurisprudence"—the presumption of regularity. *Parke v. Raley*, 506 U.S. 20, 29 (1992). This venerable principle holds that guilty pleas are presumed to be valid. *Id.* In turn, defendants making valid guilty pleas are understood to be "intelligently and understandingly" giving up their right to a jury trial. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Thus, unless Locke can rebut the presumption of regularity that attaches to his guilty plea, he is presumed to have waived his right to trial in a way that satisfies the requirements of 18 U.S.C. § 921(a)(33)(B)(i)[a](II)(bb).

This presumption is "not easily overcome[.]" *Wyatt v. United States*, 591 F.2d 260, 265 (4th Cir. 1979). Its origin lies in one of our legal systems oldest axioms: "that every act of a court of competent jurisdiction shall be presumed to have been rightly done till the contrary appears." *Voorhees v. Jackson*, 35 U.S. 449, 472 (1836). As early as the 19th century, there was "no principle of law better settled" than the presumption of regularity. *Id.* The rule has stood the test of time because it vindicates "the interest in promoting the finality of judgments," which remains an important consideration. *Daniels v. U.S.*, 532 U.S.

---

[3] Because we agree with the district court on this point, there was no error in refusing to subpoena Locke's lawyer in the Virginia proceeding nor in the failure to explicitly "admit" documentary evidence that shed light on that state court disposition.

374, 378 (2001). If we allowed the presumption to erode we would be making "[i]nroads on the concept of finality," which would "tend to undermine the confidence in the integrity of our procedures." *U.S. v. Addonizio*, 442 U.S. 178, 184, n.11 (1979). "[I]nevitably," such a rule would "delay and impair the orderly administration of justice." *Custis v. U.S.*, 511 U.S. 485, 497 (1994).

The presumption has long been understood to shield "*every* judgment or decree" from searching inquiry by later courts. *Voorhees v. Jackson*, 35 U.S. 449, 472 (1836) (emphasis added). It applies "even when the question is waiver of constitutional rights," *Parke*, 506 U.S. at 29 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 468 (1938)). But when it comes to guilty pleas, the principle of finality "bear[s] extra weight," Custis, 511 U.S. at 497, and carries "special force[.]" *United States v. Timmreck*, 441 U.S. 780, 784 (1979). For this reason, the presumption of regularity protects the finality of guilty pleas in a wide variety of situations. It applies in habeas corpus actions. See *e.g.*, *Parke*, 506 U.S. at 29; *Spates v. Clarke*, 547 Fed. Appx. 289, n. 6 (4th Cir. 2013). It applies to proceedings under the Armed Career Criminal Act. See *e.g.*, *Daniels v. U.S.*, 532 U.S. 374, 381 (2001); *U.S. v. Weston*, 681 Fed. Appx. 235, 237 (4th Cir. 2017). It applies under the Sentencing Guidelines. See *e.g.*, *U.S. v. Collins*, 415 F.3d 304, 315 (4th Cir. 2005); *U.S. v. Gray*, 177 F.3d 86, 90 (1st Cir. 1999). And it applies under statutes like the Comprehensive Drug Abuse Prevention and Control Act of 1970. *Parke*, 506 U.S. at 33-34.

Locke argues that the presumption should not apply to his guilty plea, citing the case of *Boykin v. Alabama*, 395 U.S. 238 (1969). Opening Br. at 25-26. But *Boykin* is not the applicable law. The Supreme Court drove this point home in *Parke v. Raley*. 506 U.S. 20

7

(1992). Unlike *Boykin*, *Parke* did not involve the direct review of a guilty plea. Rather, the defendant in *Parke* argued against the use of a prior conviction based on a guilty plea as a predicate to a recidivist sentencing enhancement. *Id.* The Court held that "[t]o import *Boykin*'s presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Id.* at 29 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The case before us is in the posture of *Parke*, not *Boykin*: Locke is seeking to "deprive [his prior plea] of [its] normal force and effect" as a predicate offense in the instant case, but this effort runs headlong into the Court's decision in *Parke*. *Id.* at 30. The presumption of regularity therefore applies.

This general presumption of regularity applies with yet stronger force to the specifics of this case because Locke's counsel conceded at oral argument that his Virginia conviction was valid. Oral Argument at 4:03 ("I'm not challenging the validity of the conviction as it stands, just its use to criminalize my client's possession of a firearm."). If, as Locke concedes, the conviction was valid, then the plea that formed the very basis of that Virginia conviction must also be valid. And, as every first-year law student knows, a valid guilty plea is a waiver of the right to a jury trial. *Parke v. Raley*, 506 U.S. 20, 29 (1992).

In the face of these formidable obstacles, Locke offered only evidence from his lawyer in the Virginia proceeding that "to the best of [the lawyer's] recollection" the judge did not inform Locke of his right to a trial by jury. J.A. 525. But at no point has Locke ever

8

sought to withdraw his plea on this or any other basis. Any such attempt would, of course, pose a daunting challenge in light of all the "relevant circumstances" surrounding his plea. *Brady v. U.S.*, 397 U.S. 742, 749 (1970). Locke was an adult, he was represented by counsel, there was no suggestion of mental incompetence, there was no suggestion of improper threats from the authorities, and he had prior experience with the criminal justice system. *Id.* at 755-56. Under these circumstances we must hold that his guilty plea was valid—which is to say, knowing and intelligent—in all respects, including its waiver of Locke's jury trial right. *Parke v. Raley*, 506 U.S. 20, 29 (1992). "That is so because a guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." *Id.* To say otherwise is to deprive a guilty plea of its normal force and effect. This we cannot do.

IV.

In enacting 18 U.S.C. § 922(g)(9), Congress sought to protect victims of domestic abuse from the risk of gun violence posed by their abuser. For this reason, the legislature has forbidden anyone convicted of a misdemeanor crime of domestic violence from possessing a firearm. Brandon Locke has admitted to committing such a crime. His admission—made in the form of a guilty plea—was given with representation by counsel, under no inappropriate pressure from the state, in a forum where there was no right to a jury trial. Thus, we take Mr. Locke's admission at his word. His guilty plea stands, his possession of the firearm was illegal, and the judgment of the district court is

*AFFIRMED.*

9

BERGER, District Judge, dissenting:

Brandon Locke was convicted of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(9). The United States relied on two misdemeanor domestic violence convictions as predicates: A Georgia conviction for family battery violence in violation of Georgia Code § 16-5-23.1(a)(f)(1) and a Virginia conviction for assault and battery against a family or household member in violation of Virginia Code § 18.2-57.2. Both proceedings were resolved by guilty plea. Neither proceeding involved a plea colloquy wherein Mr. Locke was advised of his right to jury trial on the record, and neither proceeding included an affirmative waiver of that right on the record. No records from either proceeding included a written waiver of the right to a jury trial. Because the Majority addressed only the Virginia conviction, this dissent will likewise primarily focus on that conviction. The facts of the Georgia conviction, however, are equally problematic.

I.

Mr. Locke invoked 18 U.S.C. § 921(a)(33)(B)(i)(II)(bb) as an affirmative defense. That provision states that a

> person shall not be considered to have been convicted of [an MCDV], unless, in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, […] the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

The Majority now concludes that Mr. Locke did not have a right to a jury trial in Virginia because he pled guilty in the Juvenile and Domestic Relations court (JDR).

Mr. Locke was charged with assault and battery against a family or household member in violation of Virginia Code § 18.2-57.2, a Class 1 misdemeanor with potential

10

punishment of up to a year in jail and a fine of up to $2,500. Va. Code § 18.2-11. The Virginia Constitution guarantees criminal defendants the right to a jury trial, but permits laws "providing for the trial of offenses not felonious by a court not of record without a jury, preserving the right of the accused to an appeal and a trial by jury in some court of record having original criminal jurisdiction." Va. Const. art. I, § 8. The Virginia Court of Appeals has confirmed that both the United States Constitution and the Virginia Constitution guarantee the right to a jury trial to defendants charged with offenses carrying potential sentences of more than six months. *McCormick v. City of Virginia Beach*, 363 S.E.2d 124, 125 (Va. Ct. App. 1987) (Keenan, J., reversing a conviction because the defendant "did not give express and intelligent consent to waive his right to trial by jury" for misdemeanor charges with potential sentences of six months and twelve months).

I agree that a jury trial is not available in the JDR court, but that fact holds little weight here because the statutory affirmative defense (on which Mr. Locke relied) contained in 18 U.S.C. § 921(a)(33)(B)(i)(II)(bb) asks whether a defendant "knowingly and intelligently waived the right to have the case tried by a jury" "in the case of a prosecution for an offense…for which a person was entitled to a jury trial in the *jurisdiction* in which the case was tried." (emphasis added). The *jurisdiction* is Virginia and Virginia guaranteed Mr. Locke the right to a jury trial for his Class A misdemeanor.

Virginia courts have concluded that Virginia's system of providing a jury trial on appeal for certain misdemeanors meets constitutional muster because it preserves the right to a jury trial. *Manns v. Commonwealth*, 191 S.E.2d 810, 812 (Va. 1972). The Majority's conclusion that Mr. Locke did not have the right to a jury trial with respect to an offense

11

carrying a potential sentence of twelve months of incarceration calls into question the constitutionality of that system. Based on Virginia precedent and the language of its Constitution, I would find that Mr. Locke had the right to a jury trial for his Virginia MCDV conviction.

## II.

In the alternative, the Majority finds that Mr. Locke must be presumed to have knowingly and intelligently waived his right to a jury trial simply by virtue of his entry of a guilty plea. I would apply the statute by its express terms and permit defendants to challenge the use of a MCDV as an affirmative defense, for purposes of an 18 U.S.C. § 922(g) prosecution, without collaterally attacking the MCDV conviction. The Majority's reliance on the presumption of regularity renders the requirement in 18 § 921(a)(33)(B)(i)(II)(bb) of a knowing and intelligent waiver to be a practical nullity. If Congress intended a knowing and intelligent waiver to be presumed by the existence of a conviction by guilty plea, without the opportunity for a challenge and further inquiry, it would have had no reason to enact that provision.

Waiving the right to a jury trial is an affirmative act, and the judge accepting a guilty plea requiring such a waiver must ensure that it is undertaken knowingly, intelligently, and voluntarily. "Presuming waiver from a silent record is impermissible." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (quoting *Carnley v. Cochran*, 369 U.S. 506, 516 (1962)). Further inquiry into Mr. Locke's MCDV convictions reveals that he did not waive the right to a jury trial in accordance with settled law regarding waiver.

12

If waiver of the right to a jury trial could ever be inferred solely from the existence of a guilty plea, such a presumption is particularly problematic with misdemeanor convictions. To the extent it is common knowledge that defendants enjoy the right to a trial by jury and waive that right by entering a guilty plea, there may also be general awareness that misdemeanors are often treated differently. The Majority notes "Virginia's entirely reasonable decision to provide for the expeditious resolution of misdemeanors . . .," and the language of the statute likewise recognizes the disparity in procedural rights afforded to individuals charged with misdemeanors in varying jurisdictions. Maj. Op. at 5. Virginia's procedure wherein defendants charged with misdemeanors may proceed without a jury in the JDR court but are guaranteed the right to a jury trial via an appeal to the circuit court, demonstrates the need for a clear, affirmative waiver to ensure that a defendant understands his rights. Yet the majority opinion charges unsophisticated defendants with knowing and intelligent waiver of the right to a jury trial in the absence of any evidence that they were informed of the right or expressly waived it during the MCDV proceeding, on the basis that "as every first-year law student knows, a valid guilty plea is a waiver of the right to a jury trial." Maj. Op. at 8.

Several courts, including a previous panel of the Fourth Circuit, have addressed challenges to 18 U.S.C. § 922(g)(9) convictions based on assertions that an MCDV conviction was not a valid predicate because there was no knowing and intelligent waiver of the right to a jury trial. Those courts have engaged in a factual inquiry to determine whether there was a knowing and intelligent waiver of the right to a jury trial in the particular case. *See, e.g. United States v. Jennings*, 323 F.3d 263, 275–76 (4th Cir. 2003)

13

(noting testimony from a municipal judge regarding her standard procedures to inform defendants of their rights); *United States v. Frechette*, 456 F.3d 1, 7 (1st Cir. 2006); *United States v. Pfeifer*, 371 F.3d 430, 434 (8th Cir. 2004) (stressing the factual inquiry in whether a defendant waived); *United States v. Bethurum*, 343 F.3d 712, 716 (5th Cir. 2003).

Since Virginia precedent and its Constitution establish that Mr. Locke had a right to a jury trial in the jurisdiction in which he was convicted and since a sufficient factual record was adduced before the district court to reveal that Mr. Locke was not informed of his right to a jury trial and did not knowingly and intelligently waive that right in either the Virginia or Georgia proceedings, I would find that neither conviction could be used as a predicate to support a conviction under 18 U.S.C. 922(g)(9) and reverse.