**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6927**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHEEN WESTON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:15-cr-00087-CMC-1; 3:19-cv-00746-CMC)

Submitted:  October 15, 2019                    Decided:  October 18, 2019

Before GREGORY, Chief Judge, and THACKER and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Rasheen Weston, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rasheen Weston seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

On direct appeal from Weston's underlying criminal judgment, this court rejected his claims challenging the validity of three of his predicate convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012). *United States v. Weston*, 681 F. App'x 235, 236-38 (4th Cir. 2017) (No. 15-4744). In his § 2255 motion, Weston rehashed the same arguments that this court fully considered on direct appeal. Absent a "change in the law that warrants . . . reconsideration," *United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004), a prisoner typically "cannot circumvent a proper ruling on direct appeal by re-raising the same challenge in a § 2255 motion," *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (ellipsis and internal quotation marks omitted). Because Weston

2

identifies no such change in the law, we conclude that the district court's decision not to revisit these previously adjudicated claims is not debatable.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*