**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4593**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KHEUNGKHAM VONGPHAKDY,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:21-cr-00184-KDB-DSC-1)

———————

Submitted:  August 31, 2023                   Decided:  October 12, 2023

———————

Before AGEE and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** John G. Baker, Federal Public Defender, Jared P. Martin, Assistant Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Kheungkham Vongphakdy of unlawful procurement of naturalization, in violation of 18 U.S.C. § 1425(a). The district court sentenced Vongphakdy to four months' imprisonment. On appeal, Vongphakdy challenges the district court's decision to admit evidence that he alleges was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), as well as the denial of his motion to suppress evidence of a prior guilty plea he entered in state court because he asserts that his counsel in the state court proceedings rendered ineffective assistance. We affirm.

Vongphakdy first argues that the district court reversibly erred by allowing the Government to introduce evidence obtained in violation of *Miranda* regarding his ability to respond to an English-language interrogation. "[T]he Fifth Amendment guarantees that '[n]o person . . . shall be compelled in any criminal case to be a witness against himself.'" *United States v. Khweis*, 971 F.3d 453, 459 (4th Cir. 2020) (quoting U.S. Const. amend. V). "Recognizing that the pressure and isolation inherent in custodial interrogation could overcome the resilience of a suspect otherwise not inclined to incriminate himself, the Supreme Court in *Miranda* instituted measures to [e]nsure that the right against compulsory self-incrimination is protected." *Id.* (cleaned up). "Thus, unless a defendant is advised of his Fifth Amendment rights pursuant to *Miranda* and voluntarily waives those rights, statements he makes during a custodial interrogation must be suppressed." *United States v. Azua-Rinconada*, 914 F.3d 319, 325 (4th Cir. 2019).

We discern no error by the district court. "To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." *Hiibel v.*

2

*Sixth Jud. Dist. Ct. of Nev.*, 542 U.S. 177, 189 (2004). The Fifth Amendment privilege against self-incrimination thus only protects a defendant from being compelled to provide "testimonial" evidence, meaning that the communication "must itself, explicitly or implicitly, relate a factual assertion or disclose information." *United States v. Oriakhi*, 57 F.3d 1290, 1299 (4th Cir. 1995) (internal quotation marks omitted). Indeed, the Supreme Court has explicitly distinguished between "the use of compulsion to extort communications from a defendant" and merely "compelling a person to engage in conduct that may be incriminating," such as providing samples of one's voice, handwriting, or physical appearance, all of which are constitutionally permissible. *United States v. Hubbell*, 530 U.S. 27, 34-35 (2000). We conclude that the language spoken by a person during otherwise privileged communications, while potentially incriminating, does not, by itself, "relate a factual assertion or disclose information" and that it is therefore not testimonial evidence subject to suppression under *Miranda*. *See Oriakhi*, 57 F.3d at 1299; *see also Pennsylvania v. Muniz*, 496 U.S. 582, 590-99 (1990) (noting that impaired defendant's slurring of his speech in response to questions during interrogation was incriminating but not testimonial where the incriminating nature of that fact was not based on content of his answers).

In any event, admission of a defendant's statement obtained in violation of *Miranda* does not mandate a new trial if "the admission of the statement at issue was harmless beyond a reasonable doubt, such that it is clear that a rational fact finder would have found the defendant guilty absent the error." *United States v. Giddins*, 858 F.3d 870, 885 (4th Cir. 2017) (internal quotation marks omitted). In the *Miranda* context, factors relevant to

3

harmlessness include: "(1) the importance of the statement to the government's case; (2) the impact on credibility of other evidence; and (3) the admission of prejudicial evidence based solely on the admission of the statement." *Id.* at 886 (citing *Arizona v. Fulminante*, 499 U.S. 279, 297-300 (1991)).  Even assuming that a *Miranda* violation occurred, we conclude that the Government has met its burden to establish "that the admission of the [statement] did not contribute to [Vongphakdy's] conviction." *Fulminante*, 499 U.S. at 296.

Turning to Vongphakdy's remaining claim, when considering a district court's denial of a motion to suppress evidence, we review factual findings for clear error and legal conclusions de novo. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021).  Guilty pleas are ordinarily "presumed to be valid," as they are "protected by a strong presumption . . . of regularity." *United States v. Locke*, 932 F.3d 196, 199 (4th Cir. 2019).  Further, "a trial for a subsequent offense" is ordinarily "not the appropriate forum to assess the validity of [a] prior conviction." *United States v. Anglin*, 284 F.3d 407, 410 (2d Cir. 2002).  While Vongphakdy contends that he should have been permitted to challenge the admission of his state court guilty plea because his state counsel allegedly provided constitutionally ineffective assistance under the Supreme Court's ruling in *Padilla v. Kentucky*, 559 U.S. 356 (2010), we conclude that Vongphakdy's claim was not cognizable in his federal prosecution, *cf. Custis v. United States*, 511 U.S. 485, 494, 496-97 (1994); *see also Mondragon v. Holder*, 706 F.3d 535, 543-44 (4th Cir. 2013) (holding *Custis* barred

4

challenge to prior conviction based on claim of ineffective assistance of counsel in removal proceedings).[*]

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We "may affirm on any grounds apparent from the record," notwithstanding the reasoning of the district court. *United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) (internal quotation marks omitted).

5